HENRY E. WEED, Appellant, *v.* LONDON AND LANCASHIRE FIRE INSURANCE COMPANY, Respondent.

Defendant on January 13, 1882, issued a policy insuring the "estate of O. Richards" on building and machinery, loss, if any, payable to plaintiff, "mortgagee, as his claim may appear." One of the conditions of the policy was, that "if the interest of the insured in the property be any other than the entire, unconditional and sole ownership of the property for the use and benefit of the insured * * * it must be so represented to the company and so expressed in the written part of this policy, otherwise the policy shall be void." Richards was the owner of the property in his lifetime and executed the mortgage to plaintiff; thereafter he executed and delivered a deed thereof to S. in trust, to sell the same and distribute the proceeds among his (Richards) creditors, and reconvey the balance, if any, to him, his heirs or legal representatives. Richards

died intestate and insolvent in 1879, leaving descendants. Defendant's agent, who issued the policy, did not know of the trust deed to S. In February, 1882, the property was destroyed by fire and one R., an insurance adjuster in the employ of defendant, had thereafter, as the referee found, "entire charge of the loss," and he, with knowledge of the deed to S., entered into negotiations with plaintiff respecting the proofs of loss filed by him, and pointed out certain defects therein, inducing plaintiffs to believe that if further proofs were made the loss would be adjusted and paid. Additional proofs were subsequently furnished and received by R. In an action upon the policy, *held*, that the use of the words "estate of O. Richards" was not a waiver of the condition as to ownership; that they meant those succeeding to Richards' title upon his death; that said condition was precedent to the attaching of the risk, and as said estate had no title when the policy was issued, which fact was not communicated to defendant, the condition was broken at the moment the policy was delivered and the insurance void; that the negotiation with R. did not constitute a waiver of the condition, as he was not a general agent or officer of defendant, but a special agent, with authority limited to ascertaining and adjusting the loss; that his knowledge of any defect in the title was not imputable to defendant; and that as there was no evidence that defendant ever recognized the validity of the policy after its forfeiture, plaintiff was not entitled to recover.

To establish a waiver of a forfeiture in a policy of insurance the proof must show a distinct recognition of the validity of the policy after a knowledge of the forfeiture by the person by whom it is claimed such forfeiture was waived.

(Argued June 5, 1889; decided October 8, 1889.)

APPEAL from an order of the General Term of the Supreme Court in the third judicial department, made the first Tuesday of May 1886, which reversed a judgment in favor of the plaintiff, entered upon the report of a referee, and directed a new trial.

The action was upon a policy of insurance against fire, upon a grist-mill and machinery, issued January 13, 1882, which purported to insure "Estate of O. Richards" and was made payable to the plaintiff," mortgagee, as his claim may appear."

Orson Richards in his lifetime was the owner of the property in question. Having mortgaged it to the plaintiff, he and his wife, in May, 1875, executed and delivered to Dean Sage, of the city of Brooklyn, a deed therefor, in trust to sell the same and distribute the proceeds of such sale *pro rata*

among the creditors of said Richards, and providing that the residue of said proceeds, after the payment of the debts, should be reconveyed to said Richards or to his heirs or legal representatives. Richards died intestate and insolvent in September, 1879, leaving a widow and three children. The property was destroyed by fire February 4, 1882.

The policy in suit was issued by an agent named Ketcham, who resided a few miles from the mill, and who had known Richards in his lifetime, and knew that he had failed and knew of his death. He did not know of the trust deed to Sage. He learned of the loss within twenty-four hours after the fire and immediately notified the defendant by telegram. After the fire one J. H. Rice, an insurance adjuster, acted for the defendant in the matter of the loss. He testified that he had "entire and sole charge of the loss from a day or two after the fire until the suit." The policy required that immediate notice of loss should be given by the insured to the company or its agents, and that proofs of the loss should be delivered within fourteen days after the fire. No notice of the loss was given to the company other than that sent by telegram by Ketcham. Proofs of loss were served on the company on February twenty-fourth, twenty days after the fire, and were retained by them until April twenty-second. On that day Rice, in response to a request from the plaintiff for payment, wrote to him stating the proofs were not in conformity to the requirements of the policy, and pointing out defects, and among others, that it was not shown that the Richards estate had title to the property destroyed. Negotiations were thereupon had in respect to additional proofs, and subsequently other and additional proofs were furnished. The policy contained other conditions to the effect that "if the interest of the insured in the property, whether as owner, trustee * * * or otherwise, be not truly stated in this policy, then in every such case this policy shall be void. If the interest of the insured in the property be any other than the entire, unconditional and sole ownership of the property, for the use and benefit of the assured, it must be so represented

to the company and so expressed in the written part of the policy, otherwise the policy shall be void."

The referee found as facts, that Rice was informed and knew of the Sage deed, and understood the facts concerning the title to the property, and that in conducting the negotiations in reference to additional proofs of loss he induced the belief that the loss would be paid if such proofs were furnished. He decided, as conclusions of law, that notice of loss was given in due time, and service of proofs within fourteen days, as required by the policy, was waived. That by the use of the indefinite phrase, " estate of Richards," the defendant intended to and did waive the condition relating to sole and entire ownership; and having, through its agent Rice, knowledge of the condition of the title, it did by his acts subsequent to the fire waive any defense based upon the breach of the condition of the policy in reference thereto.

*G. B. Wellington* for appellant. The referee's findings of fact are conclusive. (Code, §§ 992, 993; *Newell* v. *Doty*, 33 N. Y. 93; *Ward* v. *Craig*, 87 id. 557; *Crawford* v. *Everson*, 68 id. 624; *Brush* v. *Lee*, 1 Trans. App. 66.) The expression " estate of O. Richards," defines the thing owned, not the owner. (*Trowbridge* v. *Horan*, 78 N. Y. 442; *Haight* v. *Mayor*, etc., 99 id. 284; *Clinton* v. *H. Ins. Co.*, 45 id. 460; *Herkimer* v. *Rice*, 27 id. 163; *Van Schoick* v. *N. F. Ins. Co.*, 68 id. 434; *Woodruff* v. *I. F. Ins. Co.*, 83 id. 133; *Stein* v. *N. F. Ins. Co.*, 89 id. 316; *Savage* v. *H. Ins. Co.*, 52 id. 502.) No title passed to the trustee, and at the death of Orson Richards his heirs inherited the land, and the legal title at the time of the insurance was in them. (*Coke* v. *Platt*, 98 N. Y. 38; 3 R. S., chap. 1, §§ 55, 58, 59.) If the policy was invalid, then its invalidity was waived. (*Titus* v. *G. F. Ins. Co.*, 81 N. Y. 419; *Brink* v. *H. Ins. Co.*, 80 id. 108; *Van Allen* v. *F. J. S. Ins. Co.*, 10 Hun, 397; 72 N. Y. 604; *Savage* v. *H. I. Ins. Co.*, 52 id. 502; *Cone* v. *N. Ins. Co.*, 60 id. 679; *Herkimer* v. *Rice*, 27 id. 163; Cowen & Hill's Notes, part 1, chap. 9, p. 458; *Hume* v. *Long*, 6 Monroe, 116, 119; *Covert* v. *Gray*, 34 How.

Pr. 455.) Weed's claim was provided for in whatever condition it might be. (*Thompson* v. *Bank of B. N. A.*, 82 N. Y. 7; *Burnap* v. *Nat. Bank of Potsdam*, 96 id. 131; *E. C. F. Co.* v. *Hersee*, 103 id. 27; *Linderman* v. *Farquharsen*, 101 id. 437.) If there was a failure to comply with the terms of the policy, as to notice of loss, the defect was waived. (*Hermann* v. *N. F. Ins. Co.*, 100 N. Y. 412.) It was competent to show the exact nature of the plaintiff's claim. (*Quincy* v. *White*, 63 N. Y. 281.) The question whether Weed has once been paid his claim and has, in addition, received indemnity from the defendant, does not concern the defendant. (*Cone* v. *Niagara Fire Ins. Co.*, 60 N. Y. 624; *Dakin* v. *L. L. and G. Ins. Co.*, 77 id. 604.) Defendant should be entitled to an assignment of Weed's judgment. (*E. F. Ins. Co.*, 55 N. Y. 359.)

*A. H. Sawyer* for respondent. There is no proof of the service of the notice of loss required by the terms of the policy. (*Inman* v. *W. Ins. Co.*, 12 Wend. 460; *Sherwood* v. *A. Ins. Co.*, 10 Hun, 593.) There has been no waiver of the failure of the assured to give the notice of loss as required by the policy. (*Blossom* v. *L. Ins. Co.*, 64 N. Y. 165; *Smith* v. *H. Ins. Co.*, 1 Allen, 297; *Trusk* v. *S. F. and M. Ins Co.*, 29 Penn. St. 198; 4 Bennett's F. Ins. Cas. 331; *Bennett* v. *L. Ins. Co.*, 67 N. Y. 277; *Robertson* v. *Met. Ins. Co.*, 88 id. 541.) No sufficient proofs of loss were ever served upon the defendant. (*Clinton* v. *H. Ins. Co.*, 45 N. Y. 462; *Grosvenor* v. *A. Ins. Co.*, 17 id. 394; *Stanton* v. *H. F. Ins. Co.*, 21 L. C. Jurist, 211.) The proofs of loss were not served in time. (*McDermott* v. *L. Ins. Co.*, 12 J. & S. 221; *Blossom* v. *L. Ins. Co.*, 64 N. Y. 162; *Bell* v. *L. Ins. Co.*, 19 Hun, 238.) The defendant never waived the defects in the proofs of loss, or the failure to serve the same within the time required by the policy. (*Bell* v. *L. Ins. Co.*, 19 Hun, 238; *Blossom* v. *L. Ins. Co.*, 64 N. Y. 162; *Brink* v. *H. F. Ins. Co.*, 70 id. 593; *Devens* v. *M. Ins. Co.*, 83 id. 168; *Robertson* v. *M. Ins. Co.*, 88 id. 541; *Bennett* v. *L. Ins. Co.*, 67 id. 274, 277; *Underwood* v. *F. J. S. Ins. Co.*, 57 id. 501; *How* v. *U. M. L. Ins.*

·Co., 80 id. 32, 42; *Gilligan* v. *C. Ins. Co.*, 20 Hun, 93; 87 N. Y. 626; *Smith* v. *H. Ins. Co.*, 1 Allen, 297; *Kimball* v. *H. Ins. Co.*, 8 Bosw. 495, 503.) There is no sufficient proof of the interest of the plaintiff as mortgagee. (*White* v. *Evans*, 47 Barb. 180, 184; *Supervisors* v. *Budlong*, 51 id. 494, 515; *Peabody* v. *Roberts*, 47 id. 92, 96; *Ainsley* v. *Mayor, etc.*, 1 id. 169, 177; *Clarke* v. *Baird*, 7 id. 65, 69; *Vail* v. *Vail*, Id. 241; *Mersereau* v. *Pearsall*, 19 N. Y. 110; *Yorks* v. *Steele*, 50 Barb. 397; *Lawrence* v. *Campbell*, 32 N. Y. 455; *People* v. *Murray*, 73 id. 535; *Thompson* v. *MacGregor*, 81 id. 592; *Chillingworth* v. *Freeman*, 67 Barb. 379; *Sharp* v. *Freeman*, 45 N. Y. 802; *Campbell* v. *Hall*, 16 id. 575; *Nelson* v. *City of Troy*, 29 Hun, 173; *Miller* v. *White*, 50 N. Y. 137; *Esmond* v. *Bullard*, 16 Hun, 65; *Allen* v. *Clark*, 65 Barb. 563; *Germane* v. *Wing*, 1 Sheld. 441; *Matthews* v. *I. C. Mfg. Co.*, 17 Rep. 424.) Weed's interest was that of a judgment-creditor. This was a fact material to the risk which was not disclosed; plaintiff cannot, therefore, recover. (*Lasher* v. *St. J. F. and M. Ins. Co.*, 86 N. Y. 423; *Graham* v. *F. Ins. Co.*, 87 id. 69; *Armour* v. *T. Ins. Co.*, 90 id. 450.) At the time of issuing the policy of insurance the estate of O. Richards, the assured, had no insurable interest in the property described in the policy. (*Savage* v. *H. Ins. Co.*, 52 N. Y. 502; *Perry* v. *L. Ins. Co.*, 61 id. 214.) The assured not being the entire, unconditional and sole owner of the insured property at the time of issuing the policy, and that fact not being represented to the company, and not expressed in the written part of the policy, the policy, by its terms, was absolutely void. (*Lasher* v. *St. J. F. and M. Ins. Co.*, 86 N.Y. 423; 18 Hun, 98; *Rohrback* v. *G. Ins. Co.*, 62 N. Y. 47.) The defendant has never, in any manner, waived the condition of the policy requiring full disclosure and indorsement in the policy of the interest of the assured in the property, if other than the sole, unconditional and absolute ownership thereof. (*Savage* v. *H. Ins. Co.*, 52 N. Y. 506; *Walsh* v. *H. F. Ins. Co.*, 73 id. 5; *Marvin* v. *U. L. Ins. Co.*, 85 id. 278.) Rice had no power to waive the condition of the policy requiring the interest of the insured in the property to

be represented to the company and expressed in the written part of the policy. (*Martin* v. *U. L. Ins. Co.*, 85 N. Y. 278, 283; *White* v. *Miller*, 71 id. 118, 136; *Van Valkenburgh* v. *L. Ins. Co.*, 51 id. 469; *Bush* v. *W. Ins. Co.*, 63 id. 531; *Van Allen* v. *F. Ins. Co.*, 64 id. 469; *Thayer* v. *Ins. Co.*, 5 Hun, 466; *Casey* v. *M. Ins. Co.*, 11 N. Y. Week. Dig. 198; Story on Agency, §§ 133, 134; *Harrison* v. *C. F. Ins. Co.*, 9 Allen, 233; *Mason* v. *H. Ins. Co.*, 37 Up. Can. Q. B. 437; *Q. Ins. Co.* v. *Young*, 5 Southern Rep. 117; *N. F. Ins. Co.*, 4 Ins. L. Jour. 827; *Hollis* v. *S. Ins. Co.*, 65 Iowa, 454; 21 N. W. Rep. 774; *Barre* v. *C. B. Ins. Co.*, 41 id. 373; *McConnick* v. *S. F. and M. Ins. Co.*, 66 Cal. 361; 5 Pacific Rep. 151, 617; *P. Ins. Co.* v. *Lawrence*, 4 Metc. 9; 81 Am. Dec. 521; *Fitzpatrick* v. *H. Ins. Co.*, 53 Iowa, 335; 5 N. W. Rep. 151.) A forfeiture cannot be waived unless it is shown that the person, by whom it is claimed it was waived, had knowledge at the time of the forfeiture. (*Robertson* v. *M. L. Ins. Co.*, 88 N. Y. 541, 545; *Bennecke* v. *Ins. Co.*, 105 U. S. 355, 359.) The phrase "estate of O. Richards" is not indefinite. (*Herkimer* v. *Rice*, 27 N. Y. 170; *Clinton* v. *H. Ins. Co.*, 45 id. 462.) Where the insured has no interest in the property at the time of the loss, the policy is void, although the loss is, by the terms of the policy, payable to a third person having an interest in the property. (*Grosvenor* v. *A. Ins. Co.*, 17 N. Y. 391; *Lasher* v. *St. J. F. and M. Ins. Co.*, 86 id. 423; *Perry* v. *L. Ins. Co.*, 61 id. 214.)

Brown, J. The defendant by the policy in question undertook to insure "the estate of O. Richards" against loss or damage by fire upon property described as a grist-mill, and fixed and movable machinery, etc.

The referee found as facts that the defendant intended to insure such persons and their interests in said premises as were or might be represented under the name or title aforesaid.

The contract cannot, therefore, be considered as one insuring the interest of the plaintiff as mortgagee. The undertaking to pay the loss to him is collateral to and dependent upon

the principle undertaking to insure the estate of Richards; and if the evidence shows a breach of the conditions of the policy by the assured, the plaintiff cannot recover. (*Grosvenor* v. *Atlantic Ins. Co.*, 17 N. Y. 391; *Bidwell* v. *Northwestern Ins. Co.*, 19 id. 179; *Perry* v. *Ins. Co.*, 61 id. 214.) The referee further found that at the time of the issuing of the policy the interest of the "estate of O. Richards" in the property insured was not the entire, unconditional and sole ownership thereof for the use and benefit of the assured.

One of the conditions of the policy was that it should be void if the interest of the assured in the property was other than the entire, unconditional and sole ownership thereof. And under the finding I have quoted, that Richards' estate was not the entire and unconditional owner at the time the policy was issued, the insurance was void and plaintiff was not entitled to recover, unless the condition quoted was dispensed with or in some way obviated or waived. (*Lasher* v. *Ins. Co.*, 86 N. Y. 423.)

The referee found that such condition was waived, first, by the employment in the policy of the indefinite phrase " estate of O. Richards; " second, by negotiation between Rice, the defendant's adjuster, and the plaintiff and assured subsequent to the loss, and after full information about the facts relating to the title to the property. When an agent who effects the insurance has knowledge or is informed by the assured of the true condition of the assured's interest in the property, and with such knowledge accepts the premium and delivers the policy, his acts will be deemed a waiver of such provisions of the policy as would be inconsistent with the real facts of the case. (*Van Schoick* v. *Niagara Ins. Co.*, 68 N. Y. 434.)

In the case cited the policy contained a provision that if the building insured was upon leased ground, it must be so represented to the company and expressed in the policy, otherwise the insurance would be void. The building insured was on leased ground and was known so to be to the agent who issued the policy. The court held the condition waived, saying

"We cannot suppose that either the plaintiff or defendant would do the utterly absurd thing of making, with deliberation and knowledge, a contract that was void from inception and was in contradiction of the facts and statements of the negotiation."

Insurance policies must, however, like other written contracts, be construed so as to give effect to the intent of the parties as indicated by the language employed. Words and phrases must be taken in their ordinary and popular sense unless it is apparent that they have been used in a different sense, and the knowledge possessed by the parties to the subject-matter of the contract is always a guide to ascertain the meaning of the terms used.

Such a construction should be adopted as will uphold the whole contract and give effect to all its provisions in preference to one that will render some of its provisions nugatory.

We should, therefore, endeavor to give to the phrase "estate of O. Richards" such meaning as will harmonize it with the condition of the policy, if we can do so without doing violence to the words used. It is not necessary to the validity of the policy that the name of the assured should appear in the contract. He may be described in other ways than by name, and if the description is imperfect or ambiguous, extrinsic evidence may be received to ascertain the meaning and the intent of the parties in its use. (*Burrows* v. *Turner*, 24 Wend. 277 ; *Davis* v. *Boardman*, 12 Mass. 80.)

Applying these rules of construction to the evidence in this case, it leaves no reasonable doubt as to the persons intended by the expression "estate of O. Richards." No doubt the phrase might include the administrator ; so it might, without doing violence to language, include the trustee under the Sage deed. But the question here is, who did the defendant intend it to designate ? It could not have been the trustee, as the agent had no knowledge of the Sage deed. Nor do I think it was intended to include the administrator.

Ketcham, the agent of the company, had known Richards in his lifetime and knew that he had owned the property

insured.   He knew that he had failed and was dead, but he
did not know of the Sage deed or that Richards had parted
with his title before his death.   No information upon the sub-
ject was furnished to him by the applicant for the policy.
We must assume that he intended to make a valid contract;
and supposing, from his information, that Richards had died
owning the property, he must have intended by the use of the
word "estate" to describe such person as had, upon Richards,
death, succeeded to his title.   The administrator would not be
included among such persons.   The parties were dealing with
real estate, with no reference to or knowledge of the Sage
deed or the rights that Richards' estate might have thereunder,
and upon the assumption that Richards was the owner at his
decease.   Under these circumstances, the ordinary and accepted
meaning of the term used, as applied to such property, would
be to designate those succeeding to Richards' title.   This
meaning, I think, must be regarded as the one intended by the
parties.   Thus construed, the conditions of the policy were not
inconsistent with the description of the assured.   Evidence
would be necessary, in case of loss, to identify the owner, and
the condition would apply if it should be found that such
ownership was other than sole, entire and unconditional.   This
meaning of the phrase gives full effect to the whole policy,
and it cannot, therefore, be said to be indefinite in the sense
that it could not be made applicable to the condition of the
contract.   Moreover, it is the common and accepted meaning
of the term and is in harmony with the decision of this court
in the case of *Clinton* v. *Hope Insurance Company* (45 N. Y.
454).   This condition as to the ownership of the property
was precedent to the attaching of the risk; and as Richards'
estate had no title it was broken upon the delivery of the policy.
Upon this point of the case, therefore, the plaintiff failed to
prove a valid contract and was not entitled to recover.

It remains to be seen whether this condition was waived by
the acts of the defendant subsequent to the fire.   Such a
waiver is claimed by the appellant, and was found by the
referee, to have grown out of the acts of Rice, the adjuster,

in negotiating with the assured in reference to the proofs of loss. The referee found that Rice had "entire and sole charge of the matter of the loss" under employment of the defendant from a day or two after the fire to the commencement of the action; that he was informed of the trust deed to Sage, and knew and understood the facts connected with the title of the insured property; that such information was obtained as to a portion, if not all, the facts in 1881, and that he had obtained a knowledge as to all of said facts right after the fire while in defendant's employ; that, with such knowledge after service of the original proofs of loss, he continued to negotiate with the plaintiff and assured, and induced the belief on their part that if further proofs of loss were made the loss would be adjusted and paid, and that the defendant thus waived, and intended to waive, any defense based upon any alleged failure by the assured to state in the policy the title or interest of the assured.

It is well to bear in mind, in discussing the waiver which the referee found grew out of the facts set forth in the findings I have quoted, that the condition in the policy with reference to the statement therein of the title or interest of the assured was one precedent to the attaching of the risk. It lay at the threshold of the contract, and if not then performed or then obviated there was no enforceable agreement. The delivery of the policy and the breach of the conditions were concurrent acts, and if the assured had not the sole and unconditional ownership of the property at the moment the policy was delivered the condition was broken and the insurance was void. To say, therefore, that the condition was waived after a loss had occurred is to hold substantially that a new contract had been made. Rice was not an officer or general agent of the company. He was a resident of Albany engaged in an independent business as an insurance adjuster, giving his services to any person who wished to employ him.

There is no evidence in the case to show that he had any power whatever, except to ascertain and adjust the loss sustained by the assured, and the plaintiff is chargeable with

knowledge of his powers and the extent of his authority. Nor is there any evidence that his knowledge of the Sage deed was communicated to the company, or any of its officers, or that any of the officers or general agent of the company ever recognized the validity of the policy after knowledge of its forfeiture.

It would serve no good purpose to examine, in detail, the numerous authorities cited upon the briefs of counsel upon the question of the waiver of an essential condition of the contract.

Notwithstanding the provisions of the policy that " anything less than a distinct specific agreement, clearly expressed and indorsed on the policy, should not be considered as a waiver of any printed or written condition, or restriction therein," the court recognize and affirm the law as settled in this state, that such condition can be dispensed with by the company or its general agents by oral consent as well as by writing. (*Steen* v. *Niagara Fire Ins. Co.*, 89 N. Y. 315 ; *Pechner* v. *Ins. Co.*, 65 id. 207.)

But that doctrine does not aid the appellant's case. The most liberal rule that has been established in cases of this character which can be invoked in his favor is that the " agent's power is co-extensive with the business intrusted to his care." (*Ins. Co.* v. *Wilkinson*, 13 Wall. 222 ; *Pechner* v. *Phœnix Ins. Co.*, 65 N. Y. 207 ; *Marvin* v. *Universal Life Ins. Co.*, 85 id. 283.)

As was said by Judge Finch, in the last case cited, " the rule could go no further without violating all reason and justice." But, as has been stated, Rice was not a general agent as was the fact in the case cited, but a special agent of limited authority. He had no power to alter the contract between the parties, or to waive any of its essential conditions, or to make any agreement to pay the loss notwithstanding the forfeiture. Nor were any of these things within the apparent scope of his authority. His business was to ascertain the loss and fix and adjust the amount. Beyond that he had no duty to perform and no power to act. No agent of such special

limited power has any authority to waive an essential condition of the contract. ( *Walsh* v. *Hartford Ins. Co.*, 73 N. Y. 5; *Marvin* v. *Universal Ins Co.*, 85 id. 278.)

We are also of the opinion that, assuming Rice to have been an agent with general powers, the evidence did not justify the finding of the referee that there was a waiver of any defense based upon the failure to state in the policy the title or interest of the assured in the property. To establish a waiver of a forfeiture the proof must show a distinct recognition of the validity of the policy, after a knowledge of the forfeiture, by the person by whom it is claimed the forfeiture was waived. (*Robertson* v. *Metropolitan Life Ins. Co.*, 88 N. Y. 541.)

In the case cited it is said : " Ordinarily, a party should not be held to have waived a forfeiture in the absence of facts constituting an estoppel, unless he intended to waive it; nor can he be held to have waived it unless he knew of the facts constituting the forfeiture." This principle is recognized in *Titus* v *Glens Falls Insurance Company* (81 N. Y. 419), cited by the appellant.

If the company had known of the fact, that at the time the policy was issued Richards' estate had no legal title to the insured property, and with that knowledge had directed Rice to ascertain and adjust the loss, or required further and additional proofs from the plaintiff, there would have been a recognition of the validity of the contract that would have constituted a waiver. There is no evidence, however, that the company or any of its officers before the commencement of the action ever knew of the fact of the conveyance to Sage. Nor is there any evidence that Rice ever saw the policy or was acquainted with the condition of the contract which was violated by the existence of the Sage deed.

But, assuming that he was bound to know the condition of the contract, he never recognized any liability on the part of the defendant. In his written communication to the plaintiff, and his conversation with his attorney, he stated distinctly that the company would waive none of its defenses under its contract, and he pointed out what the policy required as proofs.

of the loss and the defects in the papers served upon the company. Particularly he directed attention to the necessity of proof of title in the assured, and asked to see Richards' deed. Nowhere am I able to find in the record that the plaintiff or the assured, or his attorney, ever informed him that Richards' estate did not have the legal title to the property. Reference to that fact, if it was known, was carefully avoided by the assured and by the plaintiff.

These statements on the part of Rice could not have induced the belief that the loss would be paid if further proofs were furnished, unless those proofs supplied the defects and defenses that were pointed out; and it is sufficient to say that proof of title in the assured was never furnished, because the estate had no title.

In all that Rice did he asked for nothing that the company had not a right to demand, and he did nothing that it was not his duty to do; and while it may very well be that, in conducting these negotiations, the company intended to, and did, waive the condition which required the proofs of loss to be served within fourteen days after the fire, it certainly did not waive any of the vital conditions of the contract.

The company cannot be held to have acquiesced in that which they declared to be insufficient, nor could the plaintiff have been misled when he was told he must supply the proof of his compliance with an essential provision of the policy.

We think the order of the General Term was right and should be affirmed and judgment abolute rendered for the defendant on the stipulation, with costs.

All concur.

Judgment affirmed.