## PERRY C. WEST, RESPONDENT, v. NORWICH UNION FIRE INSURANCE SOCIETY, APPELLANT.[1]

1. INSURANCE.—PRINCIPAL AND AGENT.—WAIVER OF CONDITIONS.—NOTICE.—ESTOPPEL.—An agent of two certain fire insurance companies having issued a policy for one of them to plaintiff on certain personal property, afterwards issued the policy sued on for the other company to plaintiff on the same property. The latter contained a provision avoiding the policy "if the insured now has or shall hereafter make and procure any other contract of insurance" unless permission therefor be endorsed on the policy. The policy also contained provisions avoiding it "if the subject of the insurance be on ground not owned by the insured in fee simple," or if the property is covered by a chattel mortgage; and also contained a clause restricting the agent's power to waive any of the provisions of the policy. The agent at the time of issuing the policy sued on, promised the insured to endorse on the policy permission for additional insurance, but failed to do so. The property was covered by a chattel mortgage and was contained in a building on leased ground, both of which facts were known to the agent at the time of issuing the policy. The agent had authority to issue policies, fix rates and premiums, countersign, renew and sign the transfer of policies. *Held, first,* that the agent is a general agent of the company within his district, and that his acts performed within the scope of his agency are binding upon his principal and his knowledge and consent is that of his principal. *Second,* that the agent of the defendant having issued an additional insurance on the same property for another company, becomes the agent of both companies, and the defendant is conclusively presumed to have notice of the additional insurance. *Third,* that the agent's knowledge of additional insurance existing at the time of issuing the policy sued on and his promise to endorse on the policy permission for additional insurance, estops the company after loss from insisting upon a forfeiture for that reason.

---

[1] Petition for a rehearing denied August 31, 1894.

*Fourth,* that the agent's knowledge of the existence of the chattel mortgage and also that the property was on leased ground at the time of issuing the policy, is a waiver of the provisions avoiding the policy for such reasons, and that the company by accepting the premium after such knowledge, is estopped from repudiating the policy.

2. NO DIFFERENCE IN LEGAL DEGREE BETWEEN VERBAL AND WRITTEN AGREEMENTS.—A verbal agreement is of as high a legal degree as one in writing, and either one may be varied or abrogated by subsequent agreement, parol or written.

3. INSURANCE.—AGENT'S POWER TO WAIVE CONDITIONS.—PRINCIPAL AND AGENT.—ESTOPPEL.— A clause in an insurance policy restricting the agent's power to waive provisions or conditions therein, does not prevent him from waiving them where he has legal capacity to contract concerning them, and his failure to perform his agreements estops the company, because the neglect and failure of the agent is the neglect and failure of the company.

4. ID.—WAIVER OF PROOF OF LOSS.—Where an insurance company repudiates a policy and refuses to recognize plaintiff's claim on other and distinct grounds, it thereby waives proof of loss. *Daniher* v. *Grand Lodge, ante,* p. 110, followed.

5. PLEADINGS.—ALLEGATION OF WAIVER.—Where the complaint contains a general allegation of the performance of a condition, proof of waiver is admissible without alleging it.

(No. 506. Decided July 27, 1894. 37 P. R. 685.)

APPEAL from the District Court of the Fourth Judicial District, Hon. James A. Miner, *Judge.*

Action by Perry C. West against the Norwich Union Fire Insurance Society to recover the amount of an insurance policy. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*Mr. A. G. Horn* and *Messrs. Evans & Rogers,* for appellant.

The uncontradicted proof shows that respondent has other

or additional insurance, and that permission therefor was not endorsed upon the policy sued upon and for that reason he cannot recover. *Van Tassel* v. *Ins. Co.*, 27 Atl. Rep. 641; *Carpenter* v. *Ins. Co.*, 16 Pet. (U. S.) 495-511; *Ins. Co.* v. *Heidrick*, 46 N. W. Rep. 481; *Hess* v. *Ins. Co.*, 11 N. Y. S. 299; *Hutchinson* v. *Ins. Co.*, 21 Mo. 97; 2 May on Ins. §§ 369, 370; 34 Pac. Rep. 1070. Appellant had knowledge that the loss, if any, was payable to the Ogden State Bank, as its interest might appear, but this did not give it notice of the chattel mortgage which the bank held. The building also stood upon leased ground. The provisions of the policy voided it for both these reasons nor could they be waived by the agent. *Hankins* v. *Ins. Co.*, 70 Wis. 1; *Amer., etc., Co.* v. *Ins. Co.*, 20 N. Y. S. 646; *Knowles* v. *Ins. Co.*, 21 N. Y. S. 50; *McNierney* v. *Ins. Co.*, 48 Hun, 239; *Hench* v. *Ins. Co.*, 122 Pa. St. 128; *Ellis* v. *Ins. Co.*, 61 Ia. 577; 1 Wood on Ins. pp. 719, 720. The court permitted evidence of proof of loss made to one Tiedman, and that he was an adjuster of the company, and also that the company repudiated the entire transaction. There is no evidence that the company had knowledge that he was so acting or that it afterwards ratified his acts. It is not likely that the company would send an adjuster here after repudiating the entire transaction. *Gould* v. *Ins. Co.*, 90 Mich. 302; *Cleaver* v. *Ins. Co.*, 65 Mich. 527; *Knudson* v. *Ins. Co.*, 75 Wis. 198; *Barre* v. *Ins. Co.*, 76 Ia. 609; Wood on Ins. § 396; *Hankins* v. *Ins. Co.*, 70 Wis. 1; *Hollis* v. *Ins. Co.*, 65 Ia. 454; *Marvin* v. *Ins. Co.*, 85 N. Y. 278-283; *Savage* v. *Ins. Co.*, 52 N. Y. 502; *Quinlan* v. *Ins. Co.*, 133 N. Y. 356; *Lohnes* v. *Ins. Co.*, 121 Mass. 439.

If there was anything omitted from the policy, it was the duty of the insured to have the company place it thereon and not wait until he has suffered loss, and not having done so, he cannot recover. *Ladd* v. *Ins. Co.*, 24 N. Y. S. 384; *Warren* v. *Ins. Co.*, 19 N. Y. S. 990;

*Sprague* v. *Ins. Co.*, 49 Mo. App. 423; *Maxon* v. *Ins. Co.*, 42 Ill. App. 164; *Carey* v. *Ins. Co.*, 54 N. W. R. 18; *Carey* v. *Ins. Co.*, Id. 403; *Reed* v. *Ins. Co.*, 24 Atl. Rep. 833; *Rounds* v. *Ins. Co.*, 53 N. W. R. 660; *Kirkman* v. *Ins. Co.*, 57 N. W. R. 952; *Ins. Co. v. Coos Co.*, 151 U. S. 452; *Gould* v. *Ins. Co.*, *supra; Cleaver* v. *Ins. Co.*, *supra; Quinlan* v. *Ins. Co.*, *supra; Ins. Co.* v. *Norman*, 122 N. Y. 579; *Cook* v. *Ins. Co.*, 70 Mo. 610, 27 Atl. 641 and cases cited. The agent cannot waive any of the conditions of the policy unless they were endorsed thereon, and not having been endorsed thereon plaintiff cannot recover. *Waldman* v. *Ins. Co.* (Ala.), 8 S. R. 666, and cases cited; *Mensing* v. *Ins. Co.*, 36 Mo. App. 602; *Enos* v. *Ins. Co.*, 67 Cal. 621; *McIntyre* v. *Ins. Co.*, 52 Mich. 188, 194; *Kyte* v. *Ins. Co.*, 144 Mass. 43; *Ins. Co.* v. *Ice Co.*, 36 Md. 102; *Ins. Ass'n* v. *Mathews*, 4 S. R. 62; *Carey* v. *Ins. Co.*, 54 N. W. R. 18 (Wis.); *Gould* v. *Ins. Co.*, *supra; Cleaver* v. *Ins. Co.*, *supra; Hess* v. *Ins. Co.*, *supra; Quinlan* v. *Ins. Co.*, *supra; O'Brien* v. *Ins. Co.*, 134 N. Y. 28; *Ins. Co.* v. *Fletcher*, 117 U. S. 519; *Ins. Co.* v. *Hampton*, 14 S. W. R. 1092.

*Mr. C. B. Pash* and *Mr. O. R. Leonard*, for respondent.

The authorities are almost unanimous that the agent has power to waive the written provisions of a policy by a parol agreement. A written bargain is of no higher legal degree than a parol one. 2 Wood on Fire Ins. §§ 496–7, pp. 894-909; May on Ins. §§ 369, 370; *Kahn* v. *Traders' Ins. Co.*, 34 P. R. 1059; *Association* v. *Griffin*, 66 Tex. 235; *Von Bories* v. *Ins. Co.*, 8 Bush. 136; *Ins. Co.* v. *McCrea*, 8 Lea, 513; *Corrugi* v. *Ins. Co.*, 55 Mo. 176; *Gans* v. *Ins. Co.*, 43 Wis. 111; 2 Wood on Fire Ins. §§ 382, 395; *Id.* p. 791; *Farmers' Mut. Ins. Co.* v. *Taylor*, 73 Pa. St. 342. The agent of the company, having issued both policies, is charged

with notice of the additional insurance and cannot now make a defense for violation of the condition. 2 Wood on Fire Ins. §§ 382, 383, 430; *Farmers' Mut. Ins. Co.* v. *Taylor, supra; Russell* v. *State Ins. Co.,* 55 Mo. 585; *Planters', etc., Ins. Co.* v. *Lyons,* 38 Tex. 253; 2 May on Ins. § 370; *Ins. Co.* v. *McDowell,* 50 Ill. 120. Proof of loss is waived by an unconditional refusal to pay the loss. 2 Wood on Fire Ins. § 445; *Noyes* v. *Washington, etc., Co.,* 30 Vt. 689; 2 May on Ins. 469; *Phoenix Ins. Co.* v. *Spiers,* 87 Ky. 285; *Continental Ins. Co.* v. *Ruckman,* 127 Ill. 364. Under an allegation of the performance of a condition, proof of waiver is admissible without alleging the waiver. 2 May on Ins. § 589; *Penn. Fire Ins. Co.* v. *Dougherty,* 102 Pa. St. 568.

BARTCH, J.:

Certain property belonging to the plaintiff having been destroyed by fire, he brought this action to recover the amount of an insurance policy issued thereon by the defendant. The jury returned a verdict assessing the plaintiff's damages at $1,600, and judgment was rendered thereon accordingly. Upon the overruling of a motion for a new trial, the defendant appealed both from the judgment and order denying a new trial.

It appears from the record, substantially, that the policy sued upon was issued by the defendant company on the 6th day of February, 1892, and was a renewal of a policy which was about to expire, and upon which was indorsed, "Permission for other insurance concurrent herewith;" that the Utah Loan & Trust Company of Ogden city was the agent of the defendant, and wrote these policies of insurance; that there was also another policy of insurance at the same time, on the same property, in another company, of which the Utah Loan & Trust Company was also the agent; that the property insured was on leased

ground, and was destroyed by fire on the 24th day of March, 1892; that at the time of the fire the Ogden State Bank had a chattel mortgage on the property, but made no claim of any indebtedness due from plaintiff by reason of the mortgage; that, at the time the policy in question was issued, the agent of the defendant knew of the existence of the mortgage, and that the property insured was on leased ground, and promised plaintiff to make the proper indorsement on the policy, but failed to do so; that after the fire the agent of the defendant introduced to plaintiff one Tiedman, an insurance adjuster for the defendant company; that the plaintiff gave Tiedman a sworn statement showing the cause of the fire and the amount of damage done, and together they selected two builders to estimate the value of the house destroyed, which estimate was given to Tiedman, and an inventory was made of the property which was saved; that Tiedman then left, promising to return in a few days, but failed to do so, and soon thereafter the defendant repudiated the plaintiff's claim.

The real question is, what was the effect of the contract of insurance under this state of facts? Counsel for appellant contend that the plaintiff cannot recover because he had other insurance on the property, and failed to have the consent of the defendant company thereto indorsed on the policy in question, which failure was a violation of that clause in the policy which provides that "the entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void if the insured now has, or shall hereafter make and procure, any other contract of insurance, whether valid or not, on property covered, in whole or in part, by this policy." If this clause be literally construed, and the agent cannot waive a compliance therewith by his acts or neglect, and bind the principal, as is insisted, then, indeed, the insured is

without a remedy. The agent was authorized to issue policies to parties seeking insurance, to fix rates and premiums, and to countersign, renew, and sign the transfer of policies in Ogden and vicinity. Where such powers are conferred upon an agent of an insurance company, he becomes the general agent of such company within his district, and his acts, performed within the scope of his agency, will be binding upon his principal, and his knowledge and consent will be that of his principal. The company is bound, not only by his acts, but also by whatever may be said or done by him regarding the contract or risk. Through him the company has knowledge of every fact in relation to the insurance or contract, and when he issues, additional insurance on the same property for another company he becomes the agent of both companies, and the former company will be conclusively presumed to have knowledge of the additional insurance. If, then, such company fail to avail itself of its right under its contract, to object to such additional insurance, and to declare the policy void, so long as there is no apparent danger of loss, it will be estopped from insisting upon a forfeiture of the policy after loss has occurred, because its consent to other insurance was not indorsed thereon in writing.

These policies are in a printed form, and, as a general thing. the insured knows little about their conditions and restrictions; but the agent is presumed to know them, and justice and fair dealing will not permit him to lull the insured into a state of security by promises, continue to receive the premiums, and then, when loss occurs, the company deny its liability because the agreement of its agent was not indorsed as required by the insurance contract. In the case at bar the insured requested the agent of the defendant to make the proper indorsement, which he promised to do, but, after having issued the new policy, for some cause failed to fulfill his agreement; and it is

apparent from the record that the agent issued the additional insurance with the full knowledge of the existence of the policy in question. Under these circumstances, the clause of the policy now under consideration cannot avail the defendant. A verbal agreement is of as high a legal degree as one in writing, and either one may be varied or abrogated by subsequent agreement, parol or written; and, upon principle, there appears to be no good reason why this rule should not apply to insurance companies as well as private individuals. Therefore the agreement of the agent, by which he promised to indorse on the policy permission for further insurance, is regarded as the agreement of the defendant company, and is binding upon it. The fact that it had no actual knowledge of it at the time it was made, and did not actually assent to it, is entirely immaterial, because it was within the scope of the agent's authority to make it. Nor does the fact that the policy in question contained a clause restricting the agent's power to waive any provision or condition of the policy add force or give effect to the clause under consideration, because the agent had the legal capacity to agree that other insurance might be procured on the property; and he having agreed to do this, and then failed to perform, the defendant cannot now be heard to complain, because the neglect and failure of the agent was the neglect and failure of the company.

It is true this question has been attended with much difficulty, and the decisions of the courts are by no means uniform. Many of the earlier decisions appear to hold the parties rigidly to the terms of the insurance contract. Upon examination of the more recent authorities it seems clear that the rule of strict construction, in regard to the terms of an insurance policy, has been much relaxed, and the courts now hold that where an insurance company or

29

its agent has been notified of additional insurance, or of changes in the condition of the property, and no objection has been made, the company will be estopped from insisting on a forfeiture because permission in writing was not indorsed on the policy. An agent who has the power to enter into contracts of insurance and issue policies may also waive forfeiture. Wood, in his treatise on the Law of Fire Insurance (volume 2, § 415), says: "That an insurance agent authorized to make contracts of insurance and issue policies may waive forfeiture, and reinstate and restore a void policy as a valid instrument, is held by numerous cases. Indeed, it is a power incident to the authority to make a contract of insurance, and the company is as much estopped from denying that he possessed such power as it is from denying his authority to make contracts, when it has delegated such power to him or permitted him to exercise it." See, also, Id. §§ 383, 416.

In *Pelkington* v. *Insurance Co.*, 55 Mo. 172, Mr. Justice Wagner, delivering the opinion reversing the lower court, said: "The court, by its ruling in striking out the replication, virtually decided that it was absolutely necessary to obtain the written indorsement of the company's assent to the additional insurance, before any recovery could be had. There are cases which undoubtedly sustain this position, but the tendency of the modern decisions is to relax and modify this stringent doctrine. It is emphatically averred that the agent was duly notified of the subsequent and additional insurance, and assented to the same. Notice to the agent was notice to the principal, and the company was bound by that notice." 2 May, Ins. §§ 369, 370; *Kahn* v. *Insurance Co.* (Wyo.), 34 Pac. 1059; *Insurance Co.* v. *Earle*, 33 Mich. 143; *Insurance Co.* v. *Ruckman*, 127 Ill. 364, 20 N. E. 77; *Insurance Co.* v. *Munger* (Kan.), 30 Pac. 120; *Insurance Ass'n* v. *Griffin*, 66 Tex. 232, 18 S. W. 505; *Cobb* v. *Insurance Co.*, 11 Kan. 97; *Insurance*

*Co.* v. *Taylor,* 73 Pa. St. 342; *Weed* v. *Insurance Co.,* 116 N. Y. 106, 22 N. E. 229.

The next point raised is in relation to the clause in the policy relating to chattel mortgages. Counsel insists that, the insured having had such a mortgage on the property, it avoided the policy. The existence of this mortgage was known to the agent when he issued the policy, and therefore the views expressed herein in regard to additional insurance apply with equal force to the question raised concerning the chattel mortgage. So, likewise, as to the clause in the policy, "that the policy should be void if the subject of the insurance be on ground not owned by the insured in fee simple," because the agent knew, when he issued the policy, that the property insured was on leased ground. The company should not be permitted to perpetrate a fraud on the insured by accepting the premium, and then, after loss had been incurred by fire, repudiate the policy because the subject of the insurance was upon leased ground. Nor do we think the court erred in admitting the evidence in regard to Tiedman's representing himself as an adjuster of the defendant, and in regard to the proof of loss. In fact, under the circumstances of this case, as shown by the record, no proof of loss was necessary, for the company repudiated the policy, and refused to recognize the plaintiff's claim, on other and distinct grounds, and thereby proof of loss was waived. See *Daniher* v. *Grand Lodge, ante,* 110, 37 Pac. 245. We are also of the opinion that the allegations of the complaint were sufficient to admit evidence as to waiver. Where a pleading contains an allegation of the performance of a condition, it is not absolutely necessary to allege a waiver, because proof thereof is admissible under the general allegation. 2 May, Ins. § 589; *Insurance Co.* v. *Dougherty,* 102 Pa. St. 568.

It is not deemed necessary to consider any of the other

points raised in the record, because we think they present no reversible error. The judgment is affirmed.

MERRITT, C. J., and SMITH, J., concur.