WILLIAM H. GRAY, Appellant, *v.* THE GUARDIAN ASSURANCE COMPANY, Respondent.

*Fire insurance policy — forfeiture thereof — how revived — waiver of the forfeiture, how established.*

A fire insurance policy, covering personal property, contained a provision that the policy should be void if the subject of the insurance should be or become incumbered by a chattel mortgage.

*Held,* that the execution of a chattel mortgage upon the insured property rendered the policy void; that being void, it could not subsequently acquire validity or force unless revived by some act, or with the consent, of the insurer.

To establish a waiver of a forfeiture of a fire insurance policy, the proof must show a distinct recognition of the validity of the policy, after a knowledge of the forfeiture by the person who it is claimed has waived the forfeiture.

APPEAL by the plaintiff, William H. Gray, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Franklin on the 22d day of January, 1894, upon the verdict of a jury rendered by direction of the court after a trial at the Franklin Circuit, and also from an order entered in said clerk's office on the 13th day of December, 1893, denying the plaintiff's motion for a new trial made upon the minutes.

The action was brought to recover under a policy of fire insurance the amount of a loss resulting from a fire which took place January 10, 1893. The claim of Davis Brothers, the insured under such policy, was assigned to the plaintiff in this action on or about the 28th day of June, 1893.

*John P. Kellas,* for the appellant.

*A. H. Sawyer,* for the respondent.

PUTNAM, J.:

The defendant, by its policy of insurance dated March 31, 1892, insured Davis Brothers to an amount not exceeding $1,000 on their stock of merchandise contained in their store at Malone, N. Y., for the period of one year. On the 18th of June, 1892, Davis Brothers executed a chattel mortgage on the property insured to one Henrietta Briggs to secure the payment of $500. The policy provided that " this entire policy shall be void if the subject of insurance be personal property, and be or become incumbered by a chattel mortgage."

It requires no citation of authorities to show that on the execution of the chattel mortgage in question the policy under which plaintiff seeks to recover in this case at once became void. Being void, it could not subsequently acquire validity so as to cover merchandise thereafter placed in the store of Davis Brothers. On the execution of the mortgage the policy, by its terms, ceased and could not thereafter have any force unless revived by some act or by consent of the defendant. (*Mead* v. *Northwestern Ins. Co.*, 7 N. Y. 530.)

We think the only serious question in the case is whether there was a waiver by defendant after the loss of the clause in the policy rendering it void if the merchandise insured became incumbered by a chattel mortgage. It is urged by the learned counsel for the plaintiff that, after the fire by which the property insured was destroyed, Congdon, the adjuster of defendant, with full knowledge of the execution of the chattel mortgage, directed the plaintiff to prepare proofs of loss and send the same to the defendant, and that in pursuance of his direction Davis Brothers afterwards did prepare and send such proofs at an expense of two dollars.

We think the evidence in the case fails to establish any waiver by defendant. "To establish a waiver of a forfeiture the proof must show *a distinct recognition of the validity of the policy* after a knowledge of the forfeiture by the person by whom it is claimed the forfeiture was waived." (*Weed* v. *London & Lancashire Fire Ins. Co.*, 116 N. Y. 106–118.)

Assuming that there was testimony given from which the jury could have properly found that, at the interview between Davis Brothers and Congdon, the adjuster of defendant, after the loss, the latter told the former to make out proofs of loss, it was shown by the testimony of four witnesses that at the interview at which Congdon made that remark, after he learned that the injured property was covered by a chattel mortgage, he denied the liability of the company, and claimed that the policy became void because of said mortgage. He did not recognize the validity of the policy after he found out the fact of its existence, but, on the contrary, asserted its invalidity. Davis, as a witness, did not deny that Congdon made such a statement. He only said, "I don't remember any such statement; that is all I will say about it." On this testimony the trial judge was justified in assuming, as clearly proved,

that Congdon, defendant's adjuster, on learning of the existence of the chattel mortgage, denied the liability of the company, and refused to proceed further in the matter of the adjustment.   Under the circumstances, if he did at the same time tell the plaintiff to make out proofs of loss, such remark should be deemed rather advisory than as a request on his part on behalf of the company.   In any event Congdon, after learning of the chattel mortgage, made *no distinct recognition of the validity of the policy,* as held necessary in all the cases, but, on the contrary, asserted that it had become void, and declined to proceed further with the adjustment.

Under all the circumstances, we think the plaintiff failed to establish a waiver on the part of the defendant's adjuster.   (See *Ronold* v. *Mutual Reserve Fund Life Assn.,* 132 N. Y. 378.)

But it is not shown that Congdon was a general agent or officer of the defendant; he was a special agent and adjuster.   At the time of his interview with Davis Brothers the policy under which plaintiff claimed was forfeited; it was by its terms void.   Congdon, as special agent and adjuster, was not shown to have had power to waive the forfeiture.   (*Weed* v. *London & Lancashire F. Ins. Co.,* 116 N. Y. 106.)

We conclude that the trial judge properly nonsuited the plaintiff, and hence that the judgment should be affirmed, with costs.

MAYHAM, P. J., and HERRICK, J., concurred.

Judgment affirmed, with costs.