(68 App. Div. 239.)

## MATTHIE v. GLOBE FIRE INS. CO.

(Supreme Court, Appellate Division, Second Department. January 24, 1902.)

1. FIRE INSURANCE—CONDITIONS IN POLICY—BREACH.

A condition in a fire policy that it "shall be void if the interest of the insured be other than unconditional and sole ownership, or if the subject of insurance be a building on ground not owned by the insured in fee simple," is a condition precedent to the attaching of the risk, and, where

an insured has no title to real estate on which his building is located, is broken on the delivery of the policy.

**2. SAME—WAIVER.**

In an action on a fire policy, testimony that an adjuster told insured his policy was void, and that he made the same report to defendant, though suggesting that it was worth while to make out proofs of loss, as the company might not insist on the defense, does not show a waiver of a breach by insurer of one of the conditions in the policy.

Appeal from special term, Kings county.

Action on a fire insurance policy by William A. C. Matthie against the Globe Fire Insurance Company. Judgment dismissing the complaint at the close of plaintiff's evidence, and he appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

William B. Ellison, for appellant.

F. R. Coudert, Jr. (John P. Murray, on the brief), for respondent.

WOODWARD, J. The plaintiff was nonsuited, and upon this appeal is entitled to the most favorable construction which may be put upon the evidence in support of his cause of action, but we are unable to discover error in the disposition of the case. The action was brought to recover a loss sustained by the plaintiff in the destruction by fire of a four-story brick building upon which the defendant had written a policy, which policy had been duly delivered, and a premium paid. One of the conditions of the policy (a standard policy) was that:

"This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void if the interest of the insured be other than unconditional and sole ownership, or if the subject of insurance be a building on ground not owned by the insured in fee simple, or if the policy be assigned before a loss."

The evidence of the plaintiff establishes the fact that the building upon which the policy of insurance was written was located upon ground which was not owned by the insured. The plaintiff's right in the premises arose from a lease for years, and, as there was no provision in writing modifying this clause of the policy, the plaintiff had no cause of action, unless the condition was waived, or the defendant was estopped to urge the defense. The trial court granted defendant's motion to dismiss the complaint, and plaintiff's exceptions are before us for review.

We have sought to discover facts and principles to distinguish this case from Weed v. Insurance Co., 116 N. Y. 106, 22 N. E. 229, but without success; and we are clearly of the opinion that the insured, not having been the owner of the premises on which the building destroyed was located, has never had a valid contract of insurance with the defendant. This condition as to the ownership of the property was precedent to the attaching of the risk, and, as plaintiff had no title to the real estate on which the building was located, it was broken upon the delivery of the policy. Upon this point of the case, therefore, the plaintiff failed to prove a valid contract, and was not

entitled to recover. Weed v. Insurance Co., supra. In the same case the court say:

"It is well to bear in mind, in discussing the waiver, * * * that the condition in the policy with reference to the statement therein of the title or interest of the assured was one precedent to the attaching of the risk. It lay at the threshold of the contract, and, if not then performed or then obviated, there was no enforceable agreement. The delivery of the policy and the breach of the conditions were concurrent acts, and, if the assured had not the sole and unconditional ownership of the property at the moment the policy was delivered, the condition was broken, and the insurance was void. To say, therefore, that the condition was waived after a loss had occurred, is to hold, substantially, that a new contract had been made."

The plaintiff endeavors to distinguish the principles laid down in this case from those which should apply in the case at bar, and suggests that it has not been followed in the later cases. We are, however, unable to find any substantial difference between the questions presented here and those involved in the Weed Case, and a careful examination of the adjudicated cases does not discover to us any disposition on the part of the courts to depart from the rules laid down in the case cited. On the contrary, we find it recognized as an authority in Weed v. Insurance Co., 133 N. Y. 394, 403, 31 N. E. 231; Roby v. Insurance Co., 120 N. Y. 510, 517, 24 N. E. 808; Ronald v. Association, 132 N. Y. 378, 384, 30 N. E. 739; Moore v. Insurance Co., 141 N. Y. 219, 223, 36 N. E. 191; and in Gibson Electric Co. v. Liverpool & London & Globe Ins. Co., 159 N. Y. 418, 423, 54 N. E. 23. In the latter case the court say:

"The question as to what constitutes a waiver of a forfeiture under the provisions of a fire insurance policy has often been considered by this court. Thus, in Weed v. Insurance Co., 116 N. Y. 106, 22 N. E. 229, it was decided that, to establish a waiver of a forfeiture in a policy of insurance, the proof must show a distinct recognition of the validity of the policy after a knowledge of the forfeiture by the person by whom it is claimed such forfeiture was waived."

The evidence in the case at bar, assuming that a mere insurance adjuster would have the power to waive the conditions of the policy so as to give life and validity where there had been none up to the time of the alleged waiver, does not show a distinct recognition of the validity of the policy after a knowledge of the forfeiture either by the adjuster or by the company. On the contrary, the undisputed evidence is that the adjuster told the plaintiff that the policy was void, and he made this same report to the defendant; and the most that may be spelled out of the evidence is that the adjuster suggested that it was worth while to make out the proofs of loss, as the company might not insist upon the defense. The adjuster made no promise that the company would pay. He distinctly stated (and the plaintiff introduces his letter to this effect) that the policy was void from the beginning, and yet the appellant insists that there was a waiver of the condition of the policy. We think the plaintiff has mistaken the law, and that the trial court correctly disposed of the case in dismissing the complaint.

The judgment appealed from should be affirmed, with costs. All concur.