EMANUEL et al. v. MARYLAND CASUALTY CO.

(Supreme Court, Appellate Term. May 23, 1905.)

1. INSURANCE—AGENCY—AUTHORITY OF ADJUSTER.
   An adjuster for an insurance company has no authority to waive provisions of the insurance contract.

2. SAME—ACTION ON POLICY—EVIDENCE.
   Where, in an action on an insurance policy, plaintiffs had testified that defendant's adjuster had told them that they need not put in any proof of loss, the adjuster should have been permitted to testify as to whether or not he made any such statement.

3. SAME—LEADING QUESTION.
   A question whether a witness had at any time made a certain statement to certain persons is not leading.
   [Ed. Note.—For cases in point, see vol. 50, Cent. Dig. Witnesses, § 841.]

4. SAME—REFRESHING MEMORY.
   A witness should not be allowed to refresh his memory from a memorandum which he did not make or see made, and which was not read by him at or about the time the transaction was fresh in his memory.
   [Ed. Note.—For cases in point, see vol. 50, Cent. Dig. Witnesses, §§ 874–892.]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Max Emanuel and another against the Maryland Casualty Company. From a judgment for plaintiffs, defendant appeals. Conditionally reversed.

Argued before SCOTT, P. J., and TRUAX and DOWLING, JJ.

Fred E. Fishel, for appellant.

Marcus Helfand, for respondents.

TRUAX, J. We are of the opinion that error was committed in receiving certain evidences of conversation had with Mr. Rooney. There was no proper foundation laid for the reception of these alleged admissions on the part of Rooney, nor had it been shown by any evidence whatever that Rooney had either actual or constructive authority to bind the defendant by statements made to or by him. Rooney was but an adjuster for the defendant, and as such did not have the right to waive any of the provisions of the insurance contract. Weed v. L. I. Fire Ins. Co., 116 N. Y. 106, 22 N. E. 229. The trial court also erred in refusing to permit Rooney to answer the question whether he at any time in any conversation had said to Mr. Loeffelholz or Mr. Emanuel that they need not put in any proof of loss to the company. Both Loeffelholz and Emanuel had testified that Mr. Rooney had told them that

they need not put in any proof of loss to the company, and Rooney should have been allowed to deny having had such conversation. The question was not leading. It was also error for the court to allow a witness to refresh his memory by testifying from a memorandum, which memorandum he had neither made nor seen made, and which was not read by the witness at or about the time the transaction was fresh in his (the witness') memory, and which he then knew to be correct. Stephen's Dig. of Evidence, art. 136. The appellant concedes in the brief used on this appeal that the respondents are entitled to recover an item of $18.68 due to them as a rebate upon a cancellation of the policy of insurance herein.

Judgment is reversed, and a new trial ordered, with costs to appellant to abide the event, unless the respondents consent to a reduction of the judgment to $18.68 and costs in the court below, in which case the judgment, as modified, will be affirmed, without costs in this court. All concur