(48 Misc. Rep. 385.)

BERGER v. ÆTNA LIFE INS. CO.

(Supreme Court, Appellate Term. October 27, 1905.)

1. INSURANCE—LIMITATION IN POLICY—WAIVER.

Evidence in an action on a life policy *held* insufficient to show waiver of the special limitations provided by the policy.

2. SAME—WAIVER BY ADJUSTER.

An adjuster for an insurance company cannot waive a provision of the policy.

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Abraham Berger against the Ætna Life Insurance Company. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before SCOTT, P. J., and BISCHOFF and FITZGER-ALD, JJ.

E. Sydney Berry, for appellant.

Arthur C. Mandel, for respondent.

FITZGERALD, J.  It is admitted that action was not brought within the time limit provided by the policy, but plaintiff claims that this provision was waived by the defendant because of hopes held out that matter would be amicably adjusted.  It is well settled that this provision, like all others intended for the benefit of the insurance company, may be waived.  Sullivan v. Prudential Life, 172 N. Y. 483, 65 N. E. 268; Ames v. N. Y. Insurance Co., 14 N. Y. 254.  Nor is any positive act of the company intended to induce postponement necessary.  Ripley v. Ætna Insurance Co., 30 N. Y. 136, 86 Am. Dec. 362.  The evidence relied upon by respondent to establish waiver is that he had some conversation with Dr. Archer, a surgeon and adjuster for the company, about his claim, and that he received the letter in evidence from Archer, which letter merely recites that writer could not keep an appointment with plaintiff at a stated time, but that a future appointment could be readily arranged over telephone.

Assuming that Archer had the right to waive the condition, the proof of his having done so is far from satisfactory.  Plaintiff's proof of claim was filed October 27, 1903.  Archer's letter is dated October 20th of the same year, and obviously must have been written in reply to a communication regarding plaintiff's claim before its formal presentation. The only other evidence is that thereafter plaintiff called on Archer three or four times, the last occasion being May, 1904.  This suit was not commenced for nearly a year afterwards.  But, apart from the failure of proof, it has been directly held that an adjuster for an insurance company has no authority to waive a provision of the insurance contract.  Emanuel v. Maryland Casualty Co. (Sup.) 94 N. Y. Supp. 36; Weed v. L. & L. Fire Ins. Co., 116 N. Y. 106, 22 N. E. 229.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.  All concur.