BROWN, District Judge.
This is an action on a policy of insurance issued by the defendant corporation upon the life of George W. Hubbard. The policy was issued upon a written application made by the insured. The insured agreed, in the application, that the answers and statements therein contained, whether written by him or not, were warranted to be full, complete, and true, and that this agreement and the constitution and by-laws of the defendant association, together with the application, were thereby made a part of any certificate or policy that might be issued thereon; that, if any of such answers and statements were not full, complete, and true, then the certificate or policy issued thereon should be null and void; and that the person taking said application, and also the medical examiner, should be and were the agents of the applicant, and not the *682 agents of said association, as to all statements and answers in the-application; and that no statements or answers made or received by any person or to the association should be binding on the association unless reduced to writing, and contained in the application, The insured, in said auolication, further warranted that the answers-as written to the questions put in the medical examiner’s report forming part 2 of the application were his answers, and were full, complete, correct, and true, and that the same should be made part of the contract of his certificate of membership or policy of insurance. In and by the certificate of membership or policy of insurance, and in- and by the constitution or by-laws of the defendant corporation, the answers and statements contained in the application were made part of said certificate or policy. The defendant pleads that certain answers and statements made by the insured in the application were untrue; that a false statement was made by the insured to the medical examiners; that satisfactory proofs of death have not been presented, to or accepted by the defendant, as required by the policy as a condition precedent to recovery; that the policy was never delivered to-the insured while in good health, as required by the policy; that the-policy was issued subject to the provisions of the constitution or bylaws of the defendant association; and that the insured never became a member of the association in accordance with these provisions. To these defenses the plaintiff replies in the second replication that the defendant association received the proofs of loss December 81,. 1893, and thereafter approved the claim founded thereon, and of this-action gave notice to the plaintiff April 5,1894, and May 2, 1894, also notified her again of the approval of the claim, and that she might, expect payment within a few days of June 1, 1894; that during all this time the defendant had ample opportunity to determine the truth or falsity of said representations and statements, as it ought to have done if it relied upon the same; and that said acts and failure to act, on the part of the association, constitute a waiver of the defenses-set forth in the pleas, and estop the defendant from pleading the same in bar.
The first question for consideration is raised by the demurrer to-the second replication, and is whether the facts therein set forth constitute a waiver of the defenses set forth in the pleas. There is no averment that, at the time of approval of the claim and of the notification of the company to the plaintiff that she might expect payment, the company had knowledge that there was a forfeiture of the policy on account of the alleged false statements contained in the application. Since waiver is the intentional relinquishment of rights, knowledge of the existence of the rights is a necessary element, and' should be averred.
In Bennecke v. Insurance Co., 105 U. S. 355, the rule of law is thus-stated by Mr. Justice Woods:
“A waiver of a stipulation in an agreement must, to be effectual, not only be made intentionally, but with knowledge of tbe circumstances. This is the-rule when there is a direct and precise agreement to waive the stipulation. A fortiori is this the rule when there is no agreement, either verbal or in writing, to waive the stipulation, but when it is sought to deduce a waiver from theconduet of the party.”
*683 Further, as said by Mr. Justice Field in Insurance Co. v. Wolff, 95 U. S. 326:
"The doctrine of waiver, as asserted against insurance companies to avoid the strict enforcement of conditions contained in their policies, is only another name for the doctrine of estoppel. It can only be invoked where the conduct of the companies has been such as to induce action in reliance upon it, and where it would operate as a fraud upon the assured if they were afterwards allowed to disavow their conduct, and enforce the conditions. To a just application of this doctrine, it is essential that the company sought to be estopped from denying the waiver claimed should be apprised of all the facts.”
The replication avers merely that from December 31, 1893, to the-date of the notification that payment might be expected, May 2, 1891, “there was ample opportunity to investigate and determine the truth or falsity of all said representations and statements in said various pleas represented to be untruthfully made by said Hubbard, as said defendant corporation ought to have done had it relied upon the same.” To hold that such a duty existed would be tantamount to holding that in such cases a presumption of fraud exists, casting upon the company the duty of inquiry, whereas the true rule is that the company is entitled to rely upon the statement of thé assured, and can rescind for fraud whenever it is brought to its knowledge. In the absence of an averment of actual knowledge or of facts sufficient to-put the company upon inquiry, there was, so far as appears from the pleadings, no obligation upon the company to suspect the validity of the statements of the assured, or to instigate an inquiry from mere suspicion. Furthermore, as the doctrine of estoppel can only be invoked where the conduct of the company has been such as to induce action in reliance upon it, and as it does not' appear that the plaintiff was in any way prejudiced by the approval and notice, the replication is also in this respect defective. The promise to pay, therefore, was a mere naked promise, without consideration, and without prejudice to the plaintiff. There was no adjustment of a disputed claim, and no mutual concession of rights as a consideration for the-promise. The fact that the notice was of an intention to pay the full amount of the policy precludes the contention of the plaintiff that the promise amounts to an adjustment of liability, since the essential element of an adjustment—a dispute as to the fact of liability or as to the amount of liability—was lacking. The difference between this case and the case of an open policy of fire insurance, where the sum to be paid must be determined by the parties or proved by the assured, is obvious. It is also apparent by the pleas that the assured agreed in the application “that, if any of the answers or statements made are not full, complete, and true, * * * then the policy issued hereon shall be null and void.” Assuming the truth of the facts stated in the pleas, then the policy was void ab initio, and the notice must be held the making of a new promise, for which the replication discloses no consideration. For the foregoing reasons, therefore, the-demurrer to the second replication must be sustained.
The second inquiry arises upon demurrers to the sufficiency of the-replications numbered 3 to 13, inclusive. Each of these replications is in form a special or absque hoc traverse, and contains a direct and unqualified denial of what is averred in the plea to be the true fact,. *684 .and the contrary of a certain answer or statement made by the assured, with a denial under the absque hoc that said answer and statement were made a warranty. For example, the second plea alleges that in and by the application it was inquired of the assured: “State fully your occupation, profession, or trade. State kind of business and duties.” To which George W. Hubbard answered as follows: “Banker and broker.” “Whereas the defendant avers that in truth .and in fact the occupation, business, and trade of said George W. Hubbard was not, at' the date of said application, that of a banker .and broker,” etc. The replication which is an example of the remaining replications covered by the demurrers is as follows: “And the .said plaintiff saith that for everything by the said defendant corporation secondly above pleaded precludi non, because she says that the occupation, profession, and trade of said Hubbard at said time was that of a banker and broker (without this said answers are by •said certificate of membership or policy of insurance warranties on the part of said Hubbard), and of this the said plaintiff puts herself on the country.” The replications (with one exception) do not deny the making of the statements, but substantially deny their falsity, and furthermore deny that the answers or statements were made warranties. As the inducement of a special traverse can properly be of no other nature than an indirect denial, and as in this case it consists of a direct denial, the special traverse must be held improper. Steph. Pl. p. 184.
The defendant contends that the denial under the absque hoc is insufficient in law. If so, then, although in such case the inducement may be traversed, the replication, without a proper denial under the absque hoc, is merely a common traverse in effect, and should be so pleaded. If, on the other hand, the denial under the absque hoc is sufficient in law, then the inducement can neither be traversed nor confessed and avoided. Steph. Pl. p. 188. There is, as defendant’s counsel conteud, a practical difficulty in attempting to rejoin to these replications. If defendant files a similiter, and the denial under the .absque hoc is good in law, then the' only issue is whether the answers were warranties. But there are also, upon the face of the pleadings, •material and contradictory averments upon which, according to the rules of pleading, no issue can be reached. Although the pleadings show the substantial dispute to be whether the statements of the assured were true or false, the only issue reached is whether they were warranties; thus defeating the purpose averred by the plaintiff’s counsel upon his brief, and manifest throughout the pleadings, as well as violating well-established principles of pleading. The facts of the plea constitute but one connected proposition or entire point, and, on examination of the whole record, the first fault is not with the defendant, but with the plaintiff.
The third inquiry is as to the validity of the agreement of the insured that the person soliciting or taking the application, and also the medical examiner, should be the agents of the applicant, and not of the company, and that no statements or answers should be binding on the company unless reduced to writing, and contained in the application. The counsel for the plaintiff says on the brief: “All of *685 these clauses attempt to make the insured say that the company’s-agents are his, and the second that nothing known by the company is known unless in writing. Both of these propositions are bold attempts on the part of the company to alter facts, and to make that which is not the fact for the purpose of this contract to be taken as-reality.” The plaintiff attempts by her replication to set up a contract different from the written contract, and thereby to avoid by parol evidence the effect of the written agreement. The case of Insurance Co. v. Fletcher, 117 U. S. 519, 6 Sup. Ct. 837, has settled the law upon this question. Mr. Justice Field said that “it was his-duty to read the application he signed. He knew that upon it the policy would be issued, if issued at all. It would introduce great uncertainty in all business transactions if a party making a written proposal for a contract, with representations to induce its execution, should be allowed to show, after it had been obtained, that he .did-not know the contents of his proposals, and to enforce it notwithstanding their falsity as to matters essential to its obligation and validity.” “The present case,” said the court, “is very different from Insurance Co. v. Wilkinson, 13 Wall. 222, and from Insurance Co. v. Mahone, 21 Wall. 152.” “In neither of these cases was any limitation upon the power of the agent brought to the notice of the assured. * * * Here the power of the agent was limited, and notice of such limitation given, by being embodied in the application which the assured was required to make and sign, and which, as we have stated, he must be presumed to have read. He is therefore bound by its statements.” See, also, the opinion of Mr. Justice Harlan in Maier v. Association (February 2, 1897) 24 C. C. A. 239, 78 Fed. 566.
The fourth inquiry is: Is the company restricted in its defense to the reasons assigned in its refusal to pay? This arises upon demurrer to the sixteenth replication, which, in reply to the defense contained in the fourteenth plea (that no satisfactory proofs of the death of George W. Hubbard, made out in accordance with the provisions of the policy, had ever been presented to or accepted by the defendant), avers that the defendant, “by vote of its executive, voted, for reasons in said vote stated, to revoke, cancel, and annul the approval of said claim of said plaintiff to the payment of said policy, and that thereafterwards, to wit, on January 9, 1894, transmitted to said plaintiff a certified copy of said vote; and said plaintiff avers that in and by said vote and said copy of the same, as so aforesaid transmitted te her, said defendant does not assign, as its reason for said refusal to pay said policy, any of the several matters in said fourteenth and subsequent pleas set up by said defendant in bar of said plaintiff’s said suit, and said plaintiff avers that, by said acts of said defendant as herein set forth, said defendant has waived its right, if any it ever had, to set forth any of said several matters in said pleas contained in bar of said plaintiff’s said action, and is thereby estopped to plead the same herein, and this she is ready to verify,” etc. As was said by Mr. Justice Field in Insurance Co. v. Wolff, 95 U. S. 326, above quoted, the-doctrine of waiver is only another name for estoppel, and can only be invoked where the conduct of the company has been such as to in *686 duce action in reliance upon it. And as was said in Ketchum v. Duncan, 96 U. S. 659: “An estoppel in pais does not operate in favor of everybody. It operates only in favor of a person wbo has been misled to Ms injury, and he only can set it up.” There is no averment that the action of the plaintiff was influenced by the omission to set forth the ground in the notice. The defendant’s demurrers are sustained, and the plaintiff’s demurrers overruled.