[No. 6944. Decided November 16, 1907.]

BERTHA BURDICK, *Respondent*, v. MODERN WOODMEN OF AMERICA, *Appellant*.[1]

INSURANCE—MUTUAL BENEFIT SOCIETIES—FRAUD—AVOIDANCE OF CERTIFICATE—WAIVER. A mutual benefit society does not waive its right to avoid a benefit certificate for false representations of the deceased concerning former medical treatment and health from the fact that by mistake, and before proofs of loss were made, a clerk without authority sent notice that the claim was allowed and demanded and received an overdue assessment from the beneficiary, nor from the fact that there was a delay of several months in making an investigation of the claim, where the same was made in a reasonable time and all sums paid were tendered back to the beneficiary and her rights were not prejudiced in any manner.

Appeal from a judgment of the superior court for Pierce county, Poindexter, J., entered January 19, 1907, upon the verdict of a jury rendered in favor of the plaintiff, in an action upon a mutual benefit certificate. Reversed.

*Geo. D. Emery* (*Ben D. Smith* and *L. C. Stevenson*, of counsel), for appellant.

*Boyle, Warburton, Quick & Brockway*, for respondent.

[1]Reported in 92 Pac. 439.

Root, J.—Plaintiff sued as beneficiary upon a certificate of membership issued by the defendant, a fraternal beneficiary society, to E. W. Burdick, her late husband. Defendant alleged as a defense that material statements in the application on which the certificate was issued concerning former medical treatment and health of the insured were false, and that the company was not, therefore, liable on the certificate. Plaintiff denied this and also alleged a waiver of the avoidance claimed by the defendant. Attorneys for respondent in their brief make this concession: "For the purpose of this appeal, and under the rulings of the lower court, it may be assumed that such statements were in fact false, and that defendant is entitled to a reversal of the judgment if it can show that no waiver ever arose." Hence, the sole question for this court is as to the question of waiver.

The assured died at Butte, Montana, on March 10 or 11, 1905. The by-laws of the appellant provide that claims for benefits can be paid only upon presentation, in the prescribed form, to the board of directors, of due proofs of death, and allowance thereof by the board. They also provide that no officer of the society can waive any of the provisions of the by-laws, and that the head camp in regular convention assembled has the sole law-making power. At the time of Burdick's death there was due and payable the regular assessment for the month of March, which had been payable March 1, and would become delinquent March 31, 1905. Under the by-laws, this was not collectible except by express order of the board. The first information of the death of Burdick was the official notice sent by the clerk of the local camp, and received by the clerk of the head camp on March 23, 1905.

Upon the receipt of this notice, a statement of the standing of the deceased was prepared by the head clerk, and blanks for proof of death furnished the beneficiary. The pass report, sent by the clerk of the local camp with his remittance for February, was received by the head clerk April 10, 1905. This report was audited by a clerk in the head clerk's office

on April 14, 1905, and on that day, by mistake and without directions of the head clerk or the board of directors to so do, said employee sent the clerk of the local camp a notice with the stamped signature of the head clerk upon a printed form calling for payment of the March assessment due at the time of Burdick's death, and stating that the "claim of death of E. W. Burdick, late neighbor of Camp 10717, has been allowed and ordered for payment by the society's board of directors." At this time the proofs of death had not been sent to nor received by the head clerk or board of directors, and of course had not been considered or acted upon by them. Neither the head clerk nor the board knew of or authorized the sending of this notice, and did not learn thereof until the service of the complaint herein. The proofs of death were received by the clerk of the local camp April 15, and reached the head clerk April 20, after the board of directors had adjourned, or at about the time said board was to adjourn, and without being called to their attention at that time. It was first presented to the board on May 16, 1905.

About May 6, 1905, the beneficiary having received from the clerk of the local camp the notice heretofore mentioned, paid to him the $2 called for as the March assessment, and the same was forwarded to the head clerk on June 9, with the regular remittance for May, 1905. On May 16, the board first discovered the fact that the representations made in the application were false. This discovery was made from the proofs of death sent, and the matter was referred to one Saunders, a director, for investigation and report. At the following meeting in June, 1905, Director Saunders was not reelected but was succeeded by one A. M. Boyd. Two meetings thereafter passed without action, but at the third meeting, held in September, 1905, the board acted upon the proofs and information received and rejected the claim. Thereupon the full amount paid in by assured, together with the $2 paid in by the beneficiary, was tendered to the latter, but by her refused. On the commencement of this action, it was paid

into the registry of the court for her.   The case came on for trial before a judge and jury, and resulted in a verdict for the beneficiary, upon which judgment was regularly entered. From this an appeal is taken to this court.

Numerous errors are assigned, but nearly all involve the question of waiver.   We do not think the evidence shows any waiver.   The demand for the $2 was inadvertently sent out. The beneficiary must have known this as the notice recited that the claim had been allowed and payment ordered when she knew the proofs of death had not been received.   It is urged that the retention by the company of the $2 for several months amounted to a waiver of the forfeiture.   We think not. The company was entitled to a reasonable time within which to make a thorough investigation of the matter.   It cannot be said, under all the circumstances of this case, that there was an unreasonable delay.   Respondent was not thereby injured in any material manner, nor were her rights prejudiced. The $2, with all payments made by the assured, were by appellant tendered to her and subsequently deposited in court for her benefit.   There is no evidence of any intention on the part of appellant to waive the forfeiture, nor are there any facts established which constitute an estoppel.   *Elliott v. Knights of Modern Maccabees*, 46 Wash. 320, 89 Pac. 929; *Sheridan v. Modern Woodmen*, 44 Wash. 230, 87 Pac. 127; *Hopkins v. Northwestern etc. Ins. Co.*, 41 Wash. 592, 83 Pac. 1019; *Hubbard v. Mutual Reserve etc. Ass'n*, 80 Fed. 681; 2 Bacon, Benefit Societies (3d ed.), §§ 421, 424; 2 May, Insurance, §§ 506, 510; 3 Cooley, Briefs on the Law of Insurance, pp. 2459-2461; Cooke, Life Insurance, § 102; 16 Am. & Eng. Ency. Law (2d ed.), 935, 939; 29 Id., 1093, 1105, 1108; *Wheaton v. North British etc. Ins. Co.*, 76 Cal. 415, 18 Pac. 758, 9 Am. St. 216; Bigelow, Estoppel (5th ed.), 467; *Taylor v. Grand Lodge A. O. U. W.*, 96 Minn. 441, 105 N. W. 408; *Franklin Ins. Co. v. Sears*, 21 Fed. 290; *Weed v. London etc. Fire Ins. Co.*, 116 N. Y. 106, 22 N. E.

229; *Bennecke v. Connecticut Mut. Ins. Co.,* 105 U. S. 355, 26 L. Ed. 990; *Modern Woodmen v. Tevis,* 117 Fed. 369.

The judgment is reversed, and the cause remanded with instructions to dismiss the action.

Mount, Fullerton, and Rudkin, JJ., concur.

Hadley, C.·J. and Crow, JJ., took no part.