WILLIAM A. C. MATTHIE, Appellant, *v.* THE GLOBE FIRE INSURANCE COMPANY, Respondent.

INSURANCE (FIRE) — FACTS INSUFFICIENT TO ESTABLISH WAIVER OF BREACH OF CONDITION IN POLICY. The fact that after a fire loss the adjuster for the insurance company, while denying any liability on its part because of the fact that insured was not the unconditional and sole owner of the property, advised the preparation and forwarding of proofs of loss and said in substance that the company might still pay and might not insist upon forfeiture, is not sufficient to establish a waiver, although the proofs were made out at some expense and were received by the company, it appearing that there was not at any time any acknowledgment of any liability by the company.

*Matthie* v. *Globe Fire Ins. Co.*, 68 App. Div. 239, affirmed.

(Argued March 27, 1903; decided April 28, 1903.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered February 4, 1902, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*William B. Ellison* and *Duncan A. MacIntyre* for appellant. The defendant's adjuster had power to waive the breach of the condition in question. (*McGuire* v. *H. Ins. Co.*, 7 App. Div. 575; *Flaherty* v. *C. Ins. Co.*, 2 App. Div. 275; *Smaldone* v. *Ins. Co. of N. A.*, 162 N. Y. 580; *Sergent* v. *L. & L. & G. Ins. Co.*, 155 N.Y. 349; *Bishop* v. *A. Ins. Co.*, 130 N. Y. 488; *Smith* v. *H. Ins. Co.*, 47 Hun, 30;

*Weed* v. *L. & L. & G. Ins. Co.*, 116 N. Y. 106 ; *Titus* v. *G. F. Ins. Co.*, 81 N. Y. 410 ; *G. E. Co.* v. *L. & L. & G. Ins. Co.*, 159 N. Y. 418 ; *P. M. Ins. Co.* v. *Loyd*, 29 Ins. L. J. 603.) There was sufficient evidence of a waiver of the breach of the condition in question to require that the question be submitted to the jury. (*Titus* v. *G. F. Ins. Co.*, 81 N. Y. 410 ; *Roby* v. *A. C. Ins. Co.*, 120 N. Y. 510 ; *Pratt* v. *D. H. M. T. Ins. Co.*, 130 N. Y. 206 ; *Armstrong* v. *A. Ins. Co.*, 130 N. Y. 560 ; *Bishop* v. *A. Ins. Co.*, 130 N. Y. 488 ; *Ronald* v. *M. R. F. L. Assn.*, 132 N. Y. 378 ; *Quinlan* v. *P. W. Ins. Co.*, 133 N. Y. 356 ; *Walker* v. *P. Ins. Co.*, 156 N. Y. 628 ; *C. C. M. Co.* v. *S. Ins. Co.*, 169 N. Y. 304 ; *Schaffer* v. *Dietz*, 83 N. Y. 300.)

*Frederic R. Coudert, Jr.*, and *John P. Murray* for respondent. An insurance adjuster has no power to waive a forfeiture. (*Weed* v. *L. & L. F. Ins. Co.*, 116 N. Y. 106 ; *Smaldone* v. *Ins. Co.*, 162 N. Y. 580 ; *Sergent* v. *L. & L. & G. Ins. Co.*, 155 N. Y. 349 ; *Bishop* v. *A. Ins. Co.*, 130 N. Y. 488 ; *Smith* v. *H. Ins. Co.*, 47 Hun, 30 ; *G. Co.* v. *L. & L. & G. Ins. Co.*, 158 N. Y. 418.) As a matter of fact, the adjuster did not waive the forfeiture. (*Titus* v. *G. F. Ins. Co.*, 81 N. Y. 410 ; *Weed* v. *L. & L. F. Ins. Co.*, 116 N. Y. 106 ; *Lasher* v. *S. J. & C. Co.*, 86 N. Y. 423 ; *N. Assur. Co.* v. *G. V. B. Assn.*, 183 U. S. 308.)

Gray, J. The action was brought to recover a loss under a policy of fire insurance issued by the defendant, and the defense is that the building insured was on ground not owned by the insured in fee simple. A clause of the policy had provided that it "shall be void if the interest of the insured be other than unconditional and sole ownership ; or if the subject of insurance be a building on ground not owned by the insured in fee simple," etc. The plaintiff sued as assignee of the insured. There was no dispute about the fact relied upon as avoiding the liability of the company ; but the effort of the plaintiff, at the trial, was to prove that the defendant had

waived the breach of the condition in question. At the close
of the plaintiff's case, upon motion of the defendant's counsel,
the complaint was dismissed and the request of the plaintiff
to go to the jury upon the question of waiver was denied ; to
each of which rulings an exception was taken.

When the fire occurred, which destroyed the building, and
after the insured had notified the defendant, the latter refer-
red the matter to an adjuster. Upon proceeding to Toronto,
where the property had been insured, the adjuster learned
that the interest of the insured in the land was not in fee
simple, and that it was a leasehold. The plaintiff testified
that, in the conversations which he had with the adjuster, the
latter denied any liability under the policy ; but that he, also,
advised the preparation and forwarding of proofs of loss and
said, in substance, that the company might still pay and might
not insist on the forfeiture. The adjuster, in reporting to the
company, stated the fact that the building stood upon leased
ground ; that it was not liable and that he had denied liability
on its behalf. Taking the most favorable view of plaintiff's
case, it is certain that the adjuster had not promised that the
loss should be paid ; but that he had, while denying liability,
said that the company would, probably, pay and not take
advantage of technicalities. The proofs were made out, at
some expense, and were received by the defendant; but there
was not, at any time, any acknowledgment by the defendant
of its liability. Nor does there appear, in fact, to have been
any communication between its office and the insured upon
that subject.

Under these circumstances the complaint was properly dis-
missed. Doubtless, the breach of the condition in the policy,
being for the benefit of the company, could be waived, at its
election, and such a waiver might rest upon facts, showing
that, after knowledge of the breach, the company had recog-
nized the validity of the policy and had performed acts based
thereon ; or had required the performance of acts on the part
of the insured, under some provision of the policy, as the
result of which the insured had been misled and had been

put to trouble and expense. The cases in that respect are in accord and what difference is found in them arises upon their peculiar facts. The case of *Gibson Electric Company* v. *Liverpool & L. & G. Ins. Co.*, (159 N. Y. 418), very fully reviews the decisions in this court and states the doctrine which governs the liability of insurers, where it is sought to enforce it upon the ground of there having been a waiver of the breach of a condition. The difficulty with the plaintiff's case is, if we assume that the adjuster so far represented the company as to be empowered to waive the breach of a condition in the policy, that the evidence shows that he denied the company's liability, when he learned the facts. That he held out strong hopes to the plaintiff is true; but that was, at most, the expression of an opinion, which may have been based upon conviction or upon sympathy. There was, therefore, nothing to be submitted to the jury upon the question of waiver; for, upon the plaintiff's evidence, his labors and expenses, in preparing proofs of loss, were incurred in the face of a denial of liability and in the mere hope that defendant might, notwithstanding the breach of the condition of the contract of insurance, conclude to pay the loss.

For these reasons I think the judgment appealed from must be affirmed, with costs.

PARKER, Ch. J., O'BRIEN, BARTLETT, HAIGHT and VANN, JJ., concur; MARTIN, J., not voting.

Judgment affirmed.