ANGELINA C. SALVATE *vs.* FIREMEN'S INSURANCE COMPANY.

JANUARY 16, 1920.

PRESENT:   Parkhurst, C. J., Sweetland, Vincent, Stearns, and Rathbun, JJ. ·

*(1)   Fire Insurance.   Notice.   Soliciting Agent.   General Agents.*

An insurance company is not bound by notice of facts communicated by insured at the time of making the application to one who was acting as soliciting agent for the general agents of the company.

ASSUMPSIT.   Heard on exception of plaintiff and overruled.

STEARNS, J.   This is an action of assumpsit brought by
the plaintiff on a policy of fire insurance in the standard form
issued by the defendant corporation to the plaintiff, June 23,
1916.

The policy was for the term of one year and insured to an
amount not exceeding six hundred dollars, the stock of
meats, groceries, provisions, fixtures, furniture, scales, etc.,
in plaintiff's market in the city of Providence.   On the night
of July 7, 1916, the stock and fixtures of the value of six
hundred and sixty dollars were totally destroyed by fire.
Proof of loss was made to the defendant by whom no action
was taken and the plaintiff within the year brought this
suit.   At the conclusion of the plaintiff's case the trial
justice on motion of the defendant nonsuited the plaintiff,
on the ground that the policy was void because the interest
of the plaintiff in the property insured was other than
unconditional and sole ownership.

The case is before this court on bill of exceptions of the
plaintiff and the only question is in regard to the action of
the court in granting the nonsuit.

The policy contained the usual provisions that the entire
policy should be void "if the interest of the insured be other
than unconditional and sole ownership"; "or in case of
any fraud or false swearing by the insured touching any
matter relating to this insurance or the subject thereof,
whether before or after a loss."

It appears from the testimony that a Mr. Tillinghast
went to the store of the plaintiff and asked one Alfred
Calone, the manager of the store, if he wanted to take out
insurance.   Tillinghast was told by the manager that the
fixtures and furniture in the store did not belong to the
plaintiff as they had not been paid for and were held under a
leasehold agreement whereby title did not pass to the
plaintiff until all of the articles were fully paid for.   To this
Tillinghast replied that it did not matter, it would not make
any difference.   Calone after conferring with the plaintiff,
on the second visit of Tillinghast to the store, agreed to take

out a policy and the policy now in question was subsequently delivered by Tillinghast to Calone at plaintiff's store and the premium due thereon was paid to Tillinghast.

The policy in this case is executed and signed as follows: "In witness whereof, this company has executed and attested these presents, but this policy shall not be valid unless countersigned by the duly authorized agent of the company at Providence, R. I.

A. H. Hassinger                          Daniel H. Dunham
        Secretary                                      President.

Countersigned at Providence, R. I.   Beach & Sweet
                                                   Incorporated

                                          Joseph G. Henshaw
                                                      Agent"

On the back of the policy was pasted a printed slip, "P. S. Tillinghast., Insurance with Beach & Sweet Inc. 15 Westminster St. Providence, R. I."

The receipt given for the premium was as follows: "Received payment Beach & Sweet, Inc. by P. S. T." and stamped thereon with a rubber stamp, "P. S. Tillinghast."

The value of the fixtures insured but not owned by the plaintiff when the policy was issued was three hundred and ninety-two dollars, and at the time of the fire the plaintiff still owed two hundred dollars therefor.

Calone and the plaintiff after the fire went to the office of Beach & Sweet, Inc., and gave notice of the fire. They did not see Tillinghast at this time but on a subsequent visit, on enquiry made, Mr. Tillinghast appeared and talked with them in the office, but there is no testimony as to the details of the conversation.

The plaintiff contends the evidence proves that Beach & Sweet, Inc., were general agents of the defendant; that Tillinghast was an agent of Beach & Sweet, Inc., and consequently of the defendant; that notice to Tillinghast was notice to the defendant and because of such notice and of

the statements made by Tillinghast, the defendant must be held to have had knowledge of the plaintiff's title to the property at the time of the issuance of the policy, and hence is now estopped to claim that plaintiff did not have unconditional and sole ownership.

If it be conceded on the evidence, meager as it is, that there is sufficient evidence to warrant a finding that Beach & Sweet, Inc. were the general agents of the defendant, what can be said fairly to be established in regard to the relationship of Tillinghast to Beach & Sweet, Inc.? There is no testimony to show who Tillinghast was or in what way, if any, he was connected with Beach & Sweet, Inc. He manifestly had no power to issue a policy and the evidence shows but this one instance in which Tillinghast ever acted for Beach & Sweet, Inc. He solicited the business, delivered the policy, received the premium, and receipted therefor. Apart from these acts there is nothing to show whether he acted with or without authority in this particular case or whether his services, if rendered to Beach & Sweet, Inc., were gratuitous or to what extent, if any, he was paid for them. If the authority of Tillinghast was more extensive than appears from the evidence, the plaintiff, if she seeks to secure the advantage thereof, must prove it.

(1) Making all reasonable inferences from the testimony in favor of plaintiff's case, we assume that Tillinghast was either an insurance broker or what is commonly called a soliciting agent for Beach & Sweet, Inc., the general agent of the defendant corporation. It is not claimed that either the general agent or the defendant had actual notice of the facts in regard to ownership. In these circumstances, is the knowledge of Tillinghast sufficient to bind the defendant? We think not.

This question has been settled in this State by the decisions of this court in *Reed* v. *Equitable Fire & Marine Insurance Co.*, 17 R. I. 785 and *Wilson* v. *Conway Ins. Co.*, 4 R. I. 141, and unless these cases are to be overruled these decisions are controlling and decisive in the present case.

In the *Reed* case the action was assumpsit on a policy of fire insurance; a condition of the policy was that the policy should be void in case the insured had or should afterwards have other insurance on the property insured, without the assent of the defendant in writing or in print.   It appeared by the pleadings that there was other insurance on the property when the policy in suit was issued, without the assent of defendant.   It was held on the authority of *Greene* v. *Equitable Ins. Co.*, 11 R. I. 434, that the company was estopped from setting up the clause above referred to in defense to an action on the policy where the insurance company had actual notice of the fire insurance at the time the policy was issued.   But the court held that the knowledge of the agent of the company, who solicited the insurance, of the existence of other insurance not communicated to the insurance company did not bar the company from the defense of the clause referred to and that the policy in the circumstances last referred to was void.   In its opinion the court after referring to the authorities, conceded that the tendency and the weight of modern decisions were in favor of the plaintiff and opposed to the decision of the court and said (p. 789), "If this were a new question in this State we might feel compelled to yield to the weight of authority." In speaking of *Wilson* v. *Conway Ins. Co.*, the court said,. "In that case it was held that an agent who is empowered merely to receive applications to transmit to the company, and, if they choose to take the risk, to receive the policy and to issue it to the applicant on payment of the premium, is not the agent of the company for the making of applications; that if he is employed by the applicant, or acts for him in drawing up the application, he is the applicant's agent, for whose mistakes the applicant is responsible; and that the company cannot be affected with notice by verbal communications made by an applicant to an agent so authorized. Stability of decision is very important in the administration of the law; and as this doctrine has stood so long in this State, apparently without question, and as it rests upon

good reason, and is, moreover, in line with the rule of the State under whose law both these policies were issued, we see no sufficient ground to depart from it." To the same effect see *Bryan* v. *National Life Ins. Co.*, 21 R. I. 149; *O'Rourke* v. *John Hancock Ins. Co.*, 23 R. I. 457; *Dow* v. *National Assurance Co.*, 26 R. I. 379; *Monast* v. *Manhattan Ins. Co.*, 32 R. I. 557. The authorities in different jurisdictions now as at the time of the decision in the *Reed* case, *supra*, are conflicting and irreconcilable.

We appreciate the force of the argument that in many cases the insured is unfamiliar with the law of agency and frequently regards any insurance agent, whether general or special, as invested with full and unrestricted authority to act for the insurance company. On the other hand, having in mind the great extension of the insurance business in recent years and with the knowledge that the soliciting of insurance is frequently the occasional and not the regular and usual business of the person who takes the application for insurance, we think in reason and in justice the insurance company acting in good faith and for its own protection should be permitted to place some limitation on the authority of such special agents. Other considerations apply in the case of a general agent with authority to issue policies, etc., in which case a different conclusion might well be reached.

Upon consideration of the facts and the decisions referred to we are of the opinion that the defendant corporation was not bound by notice of the facts communicated to Tillinghast by the agent of the plaintiff and that the policy is void for the reasons stated.

The exception of the plaintiff is overruled and the case is remitted to the Superior Court with direction to enter judgment upon the nonsuit.

*Benjamin Cianciarulo, McGovern & Slattery,* for plaintiff.
*Frederick A. Jones,* for defendant.