JOHN P. ZEMKO *v.* ALLSTATE INSURANCE COMPANY

SUPERIOR COURT   JUDICIAL DISTRICT OF   FILE No. 69763
NEW LONDON

Memorandum filed February 17, 1984

*Rakosky, Smith, Miller & Papp,* for the plaintiff.

*Howard, Kohn, Sprague & FitzGerald,* for the defendant.

SCHALLER, J. The plaintiff, John P. Zemko, brought this action against the defendant, Allstate Insurance Company, claiming a declaratory judgment, damages and other relief with regard to the defendant's refusal to defend and to provide insurance coverage to the plaintiff concerning an automobile accident on May 29, 1981.

On the basis of a fair preponderance of the evidence, the court finds the following essential facts. Zemko owned a 1969 Porsche 911 Targa which he was driving on May 29, 1981 when it was involved in a two car accident. As a result of that accident, Zemko was injured and was sued by the driver of the other vehicle. That action is still pending.

Zemko had purchased his insurance through the Fedus Agency for the past ten years. The practice was for Fedus to obtain insurance coverage for Zemko and to bill him at six month intervals. Fedus would actually advance the funds and Zemko would reimburse Fedus shortly after receipt of a bill for the premium. The Fedus Agency was an authorized agent for Allstate.

From May of 1980 Zemko's Porsche was insured with Allstate through the Fedus Agency. Sometime prior to May 12, 1981 Zemko received from Allstate a "No-Fault" card stating that his vehicle would be insured again by the defendant effective May 12, 1981.

Prior to the May 29, 1981 accident Zemko did not receive a bill for the premium. He did receive, with the no-fault card or shortly thereafter, a declarations statement, which was introduced as the plaintiff's exhibit two. According to the defendant's witness, Robert Quaglieri, the no-fault card was customarily sent alone, followed by the declarations statement a few days later. One half of the declarations statement—which had been removed from the plaintiff's exhibit two—generally con-

tained a statement showing the amount of the premium. The defendant produced no further evidence on this point to show the nature or content of such a statement.

After recovering from the injuries he sustained in the May 29, 1981 accident, Zemko contacted the Fedus Agency and learned that Fedus had recently died. The defendant has denied coverage on the theory that the existing policy was terminated on May 12, 1981 for nonpayment of the premium.

Quaglieri personally observed the affidavit and record of mailing, which were introduced as the defendant's exhibits one and three. Further, the defendant's exhibit two was "generated" at the same time as the declarations statement which Quaglieri observed in an envelope addressed to the plaintiff. Quaglieri did not, however, actually see the defendant's exhibit two in an envelope addressed to the plaintiff. He personally observed only the defendant's exhibits one and three and a window envelope containing the declarations statement addressed to the plaintiff. The plaintiff did not receive the defendant's exhibit two. On May 29, 1981 the plaintiff believed he was covered by Allstate and, therefore, had not obtained other insurance coverage.

Prior to presenting evidence, the parties stipulated that the court should determine only whether the plaintiff was entitled to relief under any count of the complaint. The parties further stipulated that they would agree between themselves as to appropriate money damages in the event of a finding of liability in favor of the plaintiff.

The complaint consists of four counts: the first seeking declaratory relief; the second claiming damages under § 38-60 of the General Statutes (Connecticut

Unfair Trade Practices Act); the third claiming damages for false representations, and the fourth claiming damages for breach of contract.

The defendant's primary contention is that the policy was not renewed on May 11, 1981, because the premium was not paid. The defendant apparently bases its defense upon § 38-175i (c) of the General Statutes. That section provides, in substance, that the failure of the insurer or its agent to provide the insured with notice of nonrenewal or premium billing shall entitle the insured to renewal of the policy for a term of one year. Renewal of a policy, however, shall not constitute a waiver or estoppel with respect to grounds for cancellation which existed before the effective date of the renewal.

The defendant contends that since the plaintiff failed to pay his premium by May 12, 1981, even if he became entitled to renewal of the policy for a term of one year, the defendant did not waive nor was it estopped from asserting its right to cancel for nonpayment. There is no evidence, however, of any attempt by Allstate to cancel the policy because of nonpayment. Any attempt to cancel would have to be evidenced by proof of mailing by certified mail, return receipt requested. See General Statutes § 38-175h; *DiProspero* v. *Nationwide Mutual Fire Ins. Co.,* 30 Conn. Sup. 291, 295, 311 A.2d 561 (1973) (statutory provision requiring notice of policy cancellation must be followed).

The plaintiff had a long history of dealing with the Fedus Agency for his insurance coverage. Fedus would advance the premium and would thereafter bill Zemko, who would reimburse Fedus. The agency was an authorized agent for Allstate and could accept the premium for it. After ten years of dealing in this manner Zemko, having no notice to the contrary from Allstate, was entitled to rely on this course of dealing by Allstate's

own agent. See *Exchange Trust Co.* v. *Capitol Life Ins. Co.,* 49 F.2d 133, 135 (10th Cir. 1931); *Perrigo* v. *Connecticut Commercial Travelers Mutual Accident Assn.,* 101 Conn. 648, 657, 127 A. 10 (1924) (custom of condoning delays in paying assessments not open to objection); *Conway* v. *Phoenix Mutual Life Ins. Co.,* 35 N.E. 420, 421 (C.A. N.Y. 1893) (insurance contract may be modified by course of business by agent); 15 Appleman, Insurance Law and Practice (Berdal Ed.) § 8608, p. 524 n.41.

Prior to May 12, 1981, Zemko had received a no-fault card from Allstate indicating that his insurance would continue in effect. The plaintiff never received any notice advising him that his coverage would lapse on May 12, 1981 unless his premium was received by that date.

By virtue of his receipt of the no-fault card and on the basis of the course of his dealings with the Fedus Agency, Zemko was entitled to rely on the fact that he was insured by Allstate on May 29, 1981. See *Martinez* v. *Great American Ins. Co. of New York,* 286 F. Sup. 141, 142 (W.D. Tex. 1968); *Tighe* v. *Security National Life Ins. Co.,* 191 Neb. 271, 277–78; 214 N.W.2d 622 (1974).

For the foregoing reasons, the court concludes that the plaintiff has proven the essential allegations of counts one and four of the complaint and is entitled to the relief claimed. As to counts two and three, the plaintiff has failed to prove a cause of action.

Accordingly, judgment may enter in favor of the plaintiff as to counts one and four and in favor of the defendant as to counts two and three.

The parties are directed to file forthwith a stipulation with regard to the amount of money damages.