[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs instituted a complaint for a declaratory judgment seeking nullification of the defendant's cancellation of the plaintiff's automobile insurance policy; waiver of any right to cancellation; estoppel by reason of acceptance of the plaintiff's late payment, a holding that on the date and time of the accident alleged in the complaint that their automobile insurance was in full force and finally, that the defendant carrier was bound to provide a defense and payment of any settlement or judgment, up to the policy limits arising out of the accident of October 21, 1994.
The parties stipulated as follows: 1) the plaintiffs purchased automobile insurance from the defendant on July 7, 1993 and the policy was cancelled for non-payment of premium on September 7, 1993. This past due premium was mailed on September 8, 1993, received on September 9, 1993 and the policy reinstated on September 10, 1993. On July 11, 1994, notice of cancellation was issued by the defendant with an effective date of July 26, 1994. Payment was made on July 19, 1994. Again on September 6, 1994, notice of cancellation effective September 21, 1994 was issued by the defendant. The premium owed was paid on September 16, 1994. On October 6, 1994, a notice of cancellation was issued with an effective date of October 21, CT Page 6052 1994 for cancellation for non-payment. On October 21, 1994, at 12:01 a.m. the policy was cancelled and at 9:15 a.m. the same date, the plaintiff Melinda Haffeman was involved in an accident. That morning she called her agent to report this accident and he in turn reported same to the defendant. At 5:00 p. m. on October 21, 1994, the defendant notified the agent that the policy was cancelled at 12:01 on October 21, 1994 and would not be reinstated. Confirmation of cancellation was mailed to the plaintiffs on October 24, 1994, postmarked October 27, 1994 and received on October 28, 1994. A check for $134.75 was mailed by the plaintiffs to the defendant on October 24, 1994, received on October 25, 1994 and deposited by defendant on October 26, 1994. Thereafter, a check for $91.62 was mailed by defendant to plaintiffs on October 31, 1994 and received and deposited by plaintiffs. The defendant retained $43.13 from the last payment for an earned premium.
The court finds that the defendant's cancellation was effective and not invalid. The insurance company was not estopped from cancelling this policy for non-payment because there was no evidence of a course of dealing by the defendant insurance company to accept a late payment beyond the cancellation date other than the first instance on September 10, 1993. Furthermore, there was no evidence of reliance on such a course of dealing by the plaintiffs. This case very closely resembles DeNitto v. Transamerica Insurance, Co., No. CV90 0266438S (December 2, 1992), 1992 Ct. Sup. 1075, Judicial District of Fairfield at Bridgeport. General Statutes §38a-342(a) provides in part [a] notice of cancellation of a policy shall be effective only if it is based on one or more of the following reasons. (1) Non payment of premium. . . Id. 10798. The stipulation and testimony of the parties clearly indicated the notice of cancellation properly mailed to the plaintiffs for non-payment was effective on October 21, 1994 at 12:01 a.m.; that the plaintiffs mailed their payment to the defendant on October 24, 1995 and it was received by the defendant on October 25, 1994 and confirmation of the cancellation was mailed to the plaintiffs on October 24, 1994.
These are sufficient and undisputed facts. General Statutes § 38-343 provides in part: "(a) No notice of cancellation of policy . . . may be effective unless sent by registered or certified mail or by mail evidenced by a certificate of mailing, . . . . provided where cancellation is for non payment of premium at least ten days notice of cancellation accompanied by CT Page 6053 the reason therefore shall be given". The testimony of Matt Olmsted, the defendant's underwriting manager and vice president established that the decision to reinstate a cancelled policy is referred to underwriting on a case by case basis and the factors considered are the loss occurrences and payment history.
As stated in Westmoreland v. General Accident F LAssurance Corp., 114 Conn. 265, 271, 123 A.2d 623 (1957), "the effectiveness of the cancellation does not depend upon the refund of the unearned premium". "The sole effect of the provision requiring the return of a portion of the premium is to create an indebtedness of the insurer to the insured." Id. The plaintiffs argue that defendant waived its right to cancel the plaintiffs insurance policy because it accepted and retained a portion of plaintiffs late payment after the effective date of the cancellation on October 21, 1994.
Defendant argues it accepted such late payment only for the earned premium and returned the balance of the payment promptly to the plaintiffs.
A waiver of any condition of an insurance policy may be effected by express agreement or conduct of the insurer from which a waiver may be implied. Andover v. Hartford AccidentIndemnity, Co., 153 Conn. 439, 445, 217 A.2d 60, (1960). "Waiver is the intentional relinquishment of a human right. . ."
In the law of insurance, a breach of condition or warranty, out of which avoidance of the policy may be claimed, does not operate automatically to forfeit or avoid the policy, but sets in operation a right of choice. The insurer may elect either to continue or to terminate. . . ." Id.
No waiver can be implied from Middlesex's retention of a portion of the October 24, 1995 payment for the earned premium.
An example of a situation where a waiver arises is when an insurer settles a case "voluntarily and with knowledge of facts indicating non coverage. . . ." Employers Mutual LiabilityInsurance Company v. Sears, Roebuck, 621 F.2d 746 (5th Cir. (1980).
There was no "affirmative conduct" on the part of Middlesex which induced the plaintiffs to believe that their policy was not cancelled, as the plaintiffs were sent a confirmation of the CT Page 6054 October 21, 1994 cancellation on October 24, 1994.
The plaintiffs also argue that Middlesex is estopped to claim cancellation of their policy on the date of the plaintiffs loss because the plaintiffs relied on a course of dealing with the carrier. "To create an estoppel, facts must be present and known to the insurer, and have been relied upon by the insured to his injury." Mishiloff v. American Central Insurance Company,102 Conn. 370, 380, 128 A. 33 (1925). "If the insured has not relied on the representations of the insurer, it is apparent that he has not been misled thereby." "An insured cannot claim an estoppel where he himself knows the true facts, for in such a case, it is clear that he has not been misled by the insurer. Id. In this case, there was testimony by the agent, Allen Vetrosky that when Mrs. Haffeman called him on the morning of October 21, 1994 to report her accident, he also heard the husband in the background say: "I have the insurance bill and I blew it."
The case of Zemko v. Allstate Insurance Co.,39 Conn. Sup. 206, 209-10, 474 A.2d 814 (Superior Court 1984), can be clearly distinguished from the instant case. In Zemko the plaintiff had a ten-year course of dealing with the insurer's authorized agent whereby the agent would make premium payments on behalf of the plaintiff and the plaintiff would reimburse the agent. The agent, however, died before he could pay the plaintiff's premium, and the plaintiff, while receiving a "no-fault card, never received a statement showing the amount of the premium due. In entering judgment in favor of the plaintiff, the court noted that: "[a]fter ten years of dealing in this manner [the plaintiffs] having no notice to the contrary from the [insurer], was entitled to rely on this course of dealing by [the insurer's] own agent." Id.
It is clear that Middlesex did not have a custom or course of dealing with the plaintiffs whereby it would accept payments that were tendered after the date stated on its notices of cancellation. Also, no "course of dealing" within the meaning of Zemko case exists.
The plaintiffs reliance argument does not raise any genuine issue. The one prior reinstatement by Middlesex could not afford them grounds to believe that they could postpone payment without risking cancellation. CT Page 6055
For the reasons recited above, this court finds the plaintiffs' policy was validly cancelled.