[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In a complaint dated February 12, 1997, the plaintiff, Liberty Mutual Insurance Company ("the plaintiff") brought a one-count action against the defendant, A. Advance Relocation Storage of Connecticut ("the defendant"). According to the complaint, the plaintiff issued a workers' compensation insurance policy to the defendant. Under the terms of the policy, the plaintiff was entitled to perform an audit in order to determine the percentage of the defendant's payroll that should be reflected in the premium amount. In its complaint, the plaintiff alleges that an audit was performed and the audit revealed that an increase of the premium paid by the defendant was in order. The plaintiff alleges that it was injured as a result of the defendant's refusal to pay additional premiums.
On August 2, 1997, the defendant filed its answer and six special defenses. In a motion dated December 12, 1997, the plaintiff filed a motion to strike the first, third, fourth, fifth and sixth special defenses on the ground of legal insufficiency. The defendant responded with a memorandum of law CT Page 1748 in opposition to the motion to strike on April 3, 1998.
"The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action . . . A defendant's failure to plead a special defense precludes the admission of evidence on the subject." (Citations omitted: internal quotation marks omitted.) Pieri v. Bristol,43 Conn. App. 435, 441, 683 A.2d 414 (1996).
"A motion to strike may be used to attack the legal sufficiency of a special defense." City of Ansonia v. A. W. BeardConstruction Corp., Superior Court. judicial district of Ansonia/Milford at Milford. Docket No. 051238 (December 26, 1996) (Curran. J.) (18 CONN. L. RPTR. 364). The facts alleged in the special defense are to be construed in a manner most favorable to sustaining their legal sufficiency. Connecticut National Bank v.Douglas, 221 Conn. 530, 536. 606 A.2d 684 (1992). "When a single special defense is subjected to a motion to strike. only the facts alleged by that special defense are accepted as true."Alpha Crane Service, Inc. v. Capitol Crane Co., 6 Conn. App. 60,77, 504 A.2d 1376, cert. denied, 199 Conn. 808, 508 A.2d 769
(1986).
 First Special Defense
The defendant's first special defense states that the "Court lacks personal jurisdiction over the Defendant." The plaintiff moves to strike the first special defense on the ground that the special defense is legally inadequate. The plaintiff argues that the first special defense is untimely as the defendant did not file a motion to dismiss within thirty days as required by the Practice Book.[1] The defendant objects and argues that the parties had previously agreed to an abeyance which tolled the time requirement of the Practice Book.[2]
Although there is a split of authority. "the more recent, more numerous and more persuasive superior court cases bar the assertion of lack of personal jurisdiction as a special defense." See Center Capital Corp. v. Hall, Superior Court, judicial district of Hartford/New Britain at New Britain, Docket No. 452084, 11 CONN. L. RPTR. 215 (February 24, 1994) (Lavine, J.). and cases cited therein. "The Practice Book simply does not authorize the defendant's raising lack of personal jurisdiction as a special defense." Id. As the defendant has challenged the CT Page 1749 personal jurisdiction of the court via a special defense, the plaintiff's motion to strike the defendant's first special defense should be granted.
 Third Special Defense
In its third special defense, the defendant alleges that the "Defendants made, and Plaintiff accepted, payment of the undisputed portion of the premium." The plaintiff moves to strike this special defense on the ground of legal insufficiency. The plaintiff argues that, under Connecticut law as announced inMishiloff v. American Central Ins. Co., 102 Conn. 370, 380,128 A. 33, 37 (1925), the acceptance of partial payments under insurance policies does not constitute either waiver or estoppel. The defendant objects and argues that the plaintiff has misconstrued the Mishiloff case. Furthermore, the defendant argues that the payments alleged in the third special defense constitute an accord and satisfaction and thus the third special defense is legally sufficient.
In Mishiloff v. American Ins Co., supra, 102 Conn. 381-82, the Supreme Court stated that "acceptance or retention of premiums on a policy of insurance with knowledge of its breach, will constitute a waiver of the breach implied from the conduct of the insurer through the application of the principles of estoppel." The Supreme Court, however, went on to state that the "mere retention or acceptance of the premium without knowledge of the breach, cannot constitute such waiver or estoppel. Id., 382.
In the present case. the special defense alleges that the plaintiff accepted undisputed premiums as payment. Such an allegation does not constitute a defense of waiver or estoppel. In particular. the special defense does not contain any allegations that the plaintiff accepted payment for any premiums that were disputed or that the defendant was in breach of the policy. Moreover. the third special defense does not contain any allegations that the plaintiff had knowledge of any sort of breach as required in Mishiloff. Therefore the acceptance of premium by the plaintiff as alleged does not amount to a waiver or estoppel.
Nor does the third special defense contain an allegation of an accord and satisfaction. "When there is a good faith dispute about the existence of a debt or about the amount that is owed, the common law authorizes the debtor and the creditor to CT Page 1750 negotiate a contract to settle the outstanding claim . . . An accord is a contract between creditor and debtor for the settlement of a claim by some performance other than that which is due. Satisfaction takes place when the accord is executed . . . Without a mutual assent, or a meeting of the minds, there cannot be a valid accord. (Citations omitted: internal quotation marks omitted.) Herbert S. Newman Partnersv. CFC Construction Ltd. Partnership, 236 Conn. 750, 764,674 A.2d 1313 (1996).
"The accord must be a new agreement based on new consideration. Munroe v. Emhart Corp., 46 Conn. App. 37, 42,699 A.2d 213, cert. denied, 243 Conn. 926, 701 A.2d 658 (1997). `The proponent must be able to show that there was a meeting of the minds, and that the offer by the debtor was clearly tendered as full satisfaction of the debt and that the payment was knowingly accepted." Id. Here, the defendant has not alleged any sort of meeting of the minds suggesting that the plaintiffs acceptance of the defendant's alleged partial payments was in lieu of all sums owed. As the defendant has not alleged sufficient facts to show the existence of an accord and satisfaction, the plaintiffs motion to strike the third special defense is granted.
 Fourth Fifth Special Defenses
The defendant's fourth special defense alleges that the "Defendants were billed for charges and/or premiums which were not due under Defendant's workers' compensation insurance policy with Plaintiff." The defendant's fifth special defense alleges that the "Plaintiff failed to perform an audit in a competent manner."
The plaintiff moves to strike the fourth and fifth special defenses on the ground that these defenses are legally insufficient. The plaintiff argues that the defendant did not pursue available existing administrative remedies and thus should be prohibited from raising special defenses that should properly have been raised pursuant to the administrative remedies. The defendant objects and argues that the procedure in the administrative statute in question is not mandatory but rather optional. Furthermore, the defendant argues that if the administrative remedies are mandatory, then they can only apply to parties bringing an action. The defendant maintains that to prohibit a defendant from raising a special defense on account of failure to exhaust administrative remedies would be illogical in CT Page 1751 a situation such as the one present.
General Statutes § 38a-678 states in part that "[a]ny person aggrieved by any [insurance] rate charged, rating plan, rating system or underwriting rule followed or adopted by an insurer or rating organization may request the insurer or rating organization to review the manner in which the rate, plan, system or rule has been applied with respect to insurance afforded him . . . Any person aggrieved by the action of an insurer or rating organization in refusing the review requested . . . may file a written complaint and request for hearing with the Insurance Commissioner . . ." The plaintiff contends that since the defendant did not challenge the increased premium rates as prescribed by this statute, the defendant has failed to exhaust its administrative remedies and thus cannot raise special defenses that allegedly challenge the plaintiffs increase of premium rates.
The statute in question uses the word "may in pertinent parts and the word "shall-in others. Such a use of the two words in the same statute suggests that the legislature knew the distinction between the two words. State Library v. Freedom ofInformation Commission, 240 Conn. 824, 832, 694 A.2d 1235 (1997). Thus, a reading of § 38a-678 implies that an aggrieved party has the option of filing a complaint with the Insurance Commissioner and that such an administrative avenue is not mandatory. However, in Gentile v. Altermatt, 169 Conn. 267
(1975), the Supreme Court observed that the legislature in § 38-201p, the predecessor of § 38-678.[3] provided a medium for administrative and judicial review of insurance grievances and thus declined to find a basis for the plaintiffs' claims.
"[T]he primary purpose of the [exhaustion] doctrine is to avoid premature interruption of the administrative process . . . [It] allows the agency to use its expertise and discretion, to correct its own error." (Citations omitted.) Cahill v. Board ofEducation, 198 Conn. 229, 242, 502 A.2d 410 (1985). Moreover, "the doctrine of exhaustion furthers the salutary goals of relieving the courts of the burden of deciding questions entrusted to an agency . . . in advance of possible judicial review. (Citations omitted: internal quotation marks omitted.) Id. In the present case, the allegations raised by the defendant's special defenses were not presented to the insurance commissioner for agency review. The record does not reveal whether the defendant was, in fact, planning to exercise his CT Page 1752 right and seek review of the plaintiff's adjustment of the premiums. If such a review had occurred, then the defendant would have had to follow the appropriate administrative procedures in seeking to appeal the administrative decision.
The present action, however, was commenced by the plaintiff. Under the rules of practice in this state. the defendant is required to affirmatively plead defenses in order to apprise the court and the opposing party of the issues to be tried and to prevent concealment of the issues until the trial is under way.Gauvin v. New Haven, 187 Conn. 180, 185, 445 A.2d 1 (1987). A special defense. therefore, is required when the evidence needed to establish that no cause of action lies is consistent with the allegations necessary to establish a prima facie case. Sidney v.DeVries, 18 Conn. App. 581, 586, 559 A.2d 1145 (1989), aff'd,215 Conn. 350, 575 A.2d 228 (1990). To prohibit the defendant from alleging such evidence. especially where the plaintiff may have filed an action before the defendant had a chance to pursue his original administrative rights. seems to contradict both the purpose of the special defense and the administrative process itself.
In the fourth and fifth special defenses, the defendant alleges that the plaintiff has no cause of action because the payments allegedly owed by the defendant were calculated wrongfully. These are appropriate special defenses that can be alleged by the defendant even though the defendant did not seek review of the new rates by the Insurance Commissioner. Accordingly the plaintiffs motion to strike the fourth and fifth special defenses of the defendant are denied.
 Sixth Special Defense
The sixth special defense alleges that the "Plaintiff breached its contract with Defendant by cancelling the Policy despite Defendant's payment of the premium called for by the Policy." The plaintiff moves to strike the sixth special defense on the ground that the special defense is legally insufficient. The plaintiff argues that the special defense merely alleges that the plaintiff wrongfully cancelled the policy. According to the plaintiff, the cancellation for nonpayment of premiums is appropriate with respect to many kinds of insurance policies. The defendant objects and argues that the plaintiff cancelled the policy in spite of the fact that the plaintiff performed an incorrect audit in the first place. CT Page 1753
The plaintiff argues that an insurance company can cancel a policy if the insured fails to pay the premiums. The sixth special defense, however, alleges that the plaintiff cancelled the policy even though the correct premium payments had been made. Therefore, the defendant's sixth special defense is a valid defense and thus the plaintiffs motion to strike the sixth special defense is denied.
 CONCLUSION
Accordingly, the plaintiff's motion to strike the first and third special defenses of the defendant are granted and, the plainitff's motion to strike the fourth. fifth and sixth special defenses of the defendant are denied.
SKOLNICK, J.